**Aaron Dwayne PROCTOR and Jonathan L. Lemell, Appellants,**

v.

**The STATE of Texas.**

**Nos. 1012–96, 1013–96.**

Court of Criminal Appeals of Texas, En Banc.

March 11, 1998.

that section 306 does not apply to independent administrations.)

Michael B. Charlton, Houston, Janet S. Morrow, Spring, for appellants.

Alan Curry, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON THE STATE'S PETITIONS FOR DISCRETIONARY REVIEW

MANSFIELD, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and KELLER, HOLLAND and WOMACK, Judges, join.

We granted the State's petitions for discretionary review in these two cases to reconsider our prior holdings that the State, as part of its burden of proof in a criminal prosecution, must always prove beyond a reasonable doubt that the prosecution is not limitations-barred, even if the defendant does not raise the issue.

### The Relevant Facts

On January 29, 1982, five men, including appellants Aaron Dwayne Proctor and Jonathan L. Lemell, robbed Wing K. Lew, Yit Oi Lew (Wing's wife), and Gloria Windom at gunpoint in the small grocery store that the Lews operated in Houston. In the course of the robbery, Proctor shot Mr. Lew in the head and killed him.

On July 29, 1982, the Harris County Grand Jury indicted appellants for, among other things, the aggravated robbery of Mr. Lew by placing *Ms.* Lew in fear of imminent bodily injury or death. See Tex. Penal Code § 29.03. The two cases were consolidated for trial, and on November 29, 1982, a Harris County petit jury found appellants guilty of the aggravated robbery offense. The Fourteenth Court of Appeals reversed the convictions, however, because of error in the jury selection process. *Proctor v. State,* No. B14–

82–870–CR (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd) (unpublished); *Lemell v. State*, No. A14–82–872–CR (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd) (unpublished).

On January 8, 1988, almost six years after the date of the offense, the Harris County Grand Jury indicted appellants again, this time for, among other things, the aggravated robbery of Mr. Lew by causing serious bodily injury to him. See Tex. Penal Code § 29.03. The two cases were again consolidated for trial, and on April 29, 1988, a second Harris County petit jury found appellants guilty of *that* aggravated robbery offense. During the jury's deliberations at the punishment stage, however, appellants moved for an instructed verdict of acquittal on the ground that the State had failed to prove beyond a reasonable doubt that the prosecution was not limitations-barred.[1] At a hearing on appellants' motions, the State conceded that it had presented no evidence before the jury regarding limitations, but it proffered evidence to the trial court that the statute of limitations for the offense in question had been tolled. At the conclusion of the hearing, the trial court denied appellants' motions. The jury subsequently assessed Proctor's punishment at imprisonment for life and Lemell's punishment at imprisonment for 65 years and a $5,000 fine. The Eleventh Court of Appeals[2] reversed the convictions, though, on the ground they were jeopardy-barred. *Proctor v. State,* 806 S.W.2d 252 (Tex.App.—Eastland 1990); *Lemell v. State,* No. 11–88–150–CR (Tex. App.—Eastland 1990) (unpublished).

We granted the State's petitions for discretionary review, reversed the judgments of the court of appeals, and remanded the cases to that court so that it could consider appellants' remaining points of error. *Proctor and Lemell v. State,* 841 S.W.2d 1 (Tex.Crim. App.1992). On remand, the court of appeals affirmed appellants' convictions, holding, among other things, that appellants could not complain of the State's failure to prove that

the prosecution had not been limitations-barred because appellants themselves had failed to timely object to any limitations defect in the indictments. *Proctor v. State,* 871 S.W.2d 225 (Tex.App.—Eastland 1993); *Lemell v. State,* No. 11–88–150–CR (Tex.App.-Eastland 1993) (unpublished).

We then granted appellants' petitions for discretionary review and reversed the judgments of the court of appeals a second time. *Proctor v. State,* 915 S.W.2d 490 (Tex.Crim. App.1995); *Lemell v. State,* 915 S.W.2d 486 (Tex.Crim.App.1995). In our opinions we explained that what appellants had raised on appeal were not indictment defects but rather evidentiary insufficiency claims, and that no objections at trial were necessary to preserve such claims. We cited with approval the line of cases in which we have held that (1) in a criminal prosecution, the State must always prove beyond a reasonable doubt that the prosecution is not limitations-barred, even if the defendant does not raise the issue, and (2) if the State fails to carry its burden, the defendant is entitled to an acquittal. See, *e.g., Van Hoang v. State,* 939 S.W.2d 593, 596–597 (Tex.Crim.App.1996); *Ex parte Matthews* 933 S.W.2d 134, 136 (Tex. Crim.App.1996); *State v. Turner,* 898 S.W.2d 303, 307–308 (Tex.Crim.App.1995); *Barnes v. State,* 824 S.W.2d 560, 562 (Tex.Crim.App. 1992); *Vasquez v. State,* 557 S.W.2d 779, 783 n. 5 (Tex.Crim.App.1977); *Scott v. State,* 534 S.W.2d 711, 712 (Tex.Crim.App.1976); *Cooper v. State,* 527 S.W.2d 563, 565 (Tex.Crim. App.1975); *Donald v. State,* 165 Tex.Crim. 252, 306 S.W.2d 360, 362 (1957). We then remanded the cases to the court of appeals so that that court could determine, in the first instance, whether the evidence at trial was sufficient to prove that the prosecution had not been limitations-barred. On the second remand, the court of appeals answered that question in the negative, reversed appellants' convictions a second time, and ordered acquittals. *Proctor v. State,* No. 11–88–149–CR (Tex.App.—Eastland 1996) (unpublished); *Lemell v. State,* No. 11–88–150–CR

---

**1.** Articles 12.01(4)(A) and 12.03(d) of the Texas Code of Criminal Procedure provide that a prosecution for aggravated robbery must be commenced within five years of the commission of the offense.

**2.** The Texas Supreme Court transferred the cases from the Fourteenth Court of Appeals to the Eleventh Court of Appeals. See Tex. Gov't Code § 73.001.

(Tex.App.—Eastland 1996) (unpublished). We subsequently granted the State's petitions for discretionary review to reconsider our holdings that the State must always prove beyond a reasonable doubt that its prosecution is not limitations-barred. See Tex.R.App. Proc. 66.3(b).

The State argues now that limitations is essentially a defensive issue and that it should have the burden of proving beyond a reasonable doubt that a prosecution is not limitations-barred only if there is *some* evidence before the jury that the prosecution *is* limitations-barred. The State argues, in effect, that we should overrule precedent and treat limitations as a defense. See *Proctor v. State*, 915 S.W.2d at 491 (McCormick, P.J., dissenting) (statute of limitations is a defense under Texas Penal Code § 2.03); *Lemell v. State*, 915 S.W.2d at 490 (McCormick, P.J., dissenting) (same). If we adopted the rule advanced by the State and applied it to appellants, then appellants could not prevail on their sufficiency claims, because there was no evidence before their jury that the prosecution was limitations-barred.

Appellants argue, in contrast, that it is settled law that the State must always prove, as part of its burden of proof, that its prosecution is not limitations-barred. Appellants argue further that if we were to change that law now and apply that change retroactively to them, then "that would have the effect of depriving [them] of a defense" and would violate the *ex post facto* prohibition contained in the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### Analysis

Generally speaking, the statute of limitations contained in Chapter 12 of the Texas Code of Criminal Procedure insulates individuals from criminal prosecution after the passage of an express period of time following the commission of an offense. Thus, the statute of limitations is an act of grace for the benefit of potential defendants, a voluntary surrendering by the people of their right to prosecute. *Vasquez v. State*, 557 S.W.2d at 781. This act of grace serves several objectives: (1) it protects defendants from having to defend themselves against charges when the basic facts may—or may not—have become obscured by time; (2) it prevents prosecution of those who have been law-abiding for some years; and (3) it lessens the possibility of blackmail. See W. LaFave & J. Israel, *Criminal Procedure* § 18.5(a) (2nd ed.1992). In short, the statute of limitations is a procedural rule, in the nature of a defense, that was enacted basically for the benefit of defendants and not the State.

As noted previously, we have held repeatedly that the State must always prove, as part of its burden of proof in a criminal prosecution, that the prosecution is not limitations-barred, even if the defendant does not raise the issue. Evidently, those holdings were intended to effectuate the statute of limitations. But "[t]his Court's past pronouncements regarding limitations statutes have lacked consistency." *State v. Yount*, 853 S.W.2d 6, 8 (Tex.Crim.App.1993). In at least two cases we have referred to limitations as a matter of defense to be raised by the defendant, thus implying that the statute of limitations creates a right that is *forfeited* by inaction on the part of the defendant. See *Ex parte Schmidt*, 500 S.W.2d 144, 146 (Tex.Crim.App.1973); *Ex parte Ward*, 470 S.W.2d 684, 686 (Tex.Crim.App.1971). And in *State v. Yount*, we held, in effect, that a defendant may *waive* his limitations defense with respect to a lesser included offense by requesting a jury instruction on that offense.

In *Marin v. State*, 851 S.W.2d 275 (Tex. Crim.App.1993), we explained that our system of adjudication contains three distinct kinds of rules (or "rights"). In the first category are absolute, systemic requirements and prohibitions, which are "essentially independent of the litigants' wishes." *Id.* at 279. In the second category are rules which must be implemented unless expressly waived. This second category is generally restricted to rules which are "fundamental to the proper functioning of our adjudicatory system." *Id.* at 278. In the third category are rules which must be implemented upon request. This third category contains most of "the myriad evidentiary and procedural rules comprising our system." *Ibid.*

In which category is the statute of limitations? By requiring the State to prove, in every criminal prosecution, that the prosecution is not limitations-barred, most of our relevant precedents have placed the statute of limitations in the first category. That is, under our precedents, the statute of limitations is a rule "essentially independent of the litigants' wishes." For two reasons, though, we now conclude that placing limitations in that category is inappropriate.

■ First, we can see no purpose in treating limitations as an absolute, systemic requirement or prohibition. For one thing, the statute of limitations has little to do with the truth-finding function of the criminal justice system. It seems to us that a defendant, having been given the statute of limitations as a defense, ought to have the burden of asserting that defense or losing it, just as he would any other defense. Accord, *United States v. Walsh*, 700 F.2d 846, 855 (2d Cir.), *cert. denied*, 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. Karlin*, 785 F.2d 90, 92–93 (3d Cir.1986), *cert. denied*, 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987); *United States v. Arky*, 938 F.2d 579, 581–582 (5th Cir.1991), *cert. denied*, 503 U.S. 908, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992); *United States v. Ross*, 77 F.3d 1525, 1536 (7th Cir.1996); *United States v. LeMaux*, 994 F.2d 684 (9th Cir.1993); *United States v. Gallup*, 812 F.2d 1271, 1280 (10th Cir.1987); *Com. v. Barrett*, 418 Mass. 788, 641 N.E.2d 1302, 1306 (1994); *Longhibler v. State*, 832 S.W.2d 908, 911 (Mo.1992); *Hubbard v. State*, 112 Nev. 946, 920 P.2d 991, 993 (1996); C. Wright, *Federal Practice and Procedure: Criminal 2d* § 193 (1982). We see no logic in requiring the State, in every case, to disprove a defense that the defendant may not bother to raise.

Second, treating limitations as an absolute, systemic requirement or prohibition may, on occasion, be unjust, because a defendant may have compelling reasons in his own best interest to forego the statute of limitations defense. For example, before the statute of limitations has run, a defendant might make a calculated decision to waive the defense when the statute is about to run in order to gain time for plea bargaining. Or a defendant might want to forego the limitations defense in order to vindicate his good name in the face of a serious and publicly known charge otherwise barred by limitations.[3]

We also conclude that placing limitations in the second *Marin* category is equally inappropriate. However important the statute of limitations might be to a defendant in a given case, the statute can hardly be deemed "fundamental to the proper functioning of our adjudicatory system." Indeed, at common law there was no limitation as to the time within which offenses could be prosecuted. *Vasquez v. State*, 557 S.W.2d at 781.

■ In short, we conclude, and hold, that the statute of limitations belongs in the third category of rules. The defense it creates is forfeited if not asserted at or before the guilt/innocence stage of trial. Before trial, a defendant may assert the statute of limitations defense by filing a motion to dismiss under Article 27.08(2) of the Texas Code of Criminal Procedure. At trial, the defendant may assert the defense by requesting a jury instruction on limitations if there is some evidence before the jury, from any source, that the prosecution is limitations-barred. If there is some such evidence and the defendant requests a jury instruction on the limitations defense, then the State must prove beyond a reasonable doubt that the prosecution is not limitations-barred. Compare Tex. Penal Code § 2.03. Finally, the defendant may, either before trial or at trial, waive the statute of limitations defense. This procedural scheme will serve adequately to effectuate the purposes of the statute of limitations, while bringing some clarity and simplicity to this area of the law. Anything in our prior decisions to the contrary is overruled.

■ We recognize that the doctrines of *stare decisis* and law of the case should generally be followed, because they promote judicial efficiency and consistency, they fos-

---

**3.** We are indebted to the Alaskan Supreme Court for these examples. See *Padie v. State*, 594 P.2d 50, 56 n. 16 (Alaska 1979).

ter reliance on judicial decisions, and they contribute to the actual and perceived integrity of the judicial process. See *McGlothlin v. State*, 896 S.W.2d 183, 188 (Tex.Crim. App.), *cert. denied*, 516 U.S. 882, 116 S.Ct. 219, 133 L.Ed.2d 150 (1995); *Wheatfall v. State*, 882 S.W.2d 829, 843 (Tex.Crim.App. 1994), *cert. denied*, 513 U.S. 1086, 115 S.Ct. 742, 130 L.Ed.2d 644 (1995); *Ex parte Granger*, 850 S.W.2d 513, 516 (Tex.Crim.App. 1993). But when governing decisions of this Court are unworkable or badly reasoned, we are not constrained to follow precedent.[4] See, *e.g.*, *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App.1997). If we were, the law would never develop.

■■■ Appellants' reliance upon the *ex post facto* prohibition contained in the Due Process Clause of the Fourteenth Amendment is misplaced. The *Ex Post Facto* Clause of Article I, § 10, of the United States Constitution is a limitation upon the powers of state legislatures and not state courts. *Marks v. United States*, 430 U.S. 188, 190–91, 97 S.Ct. 990, 992, 51 L.Ed.2d 260 (1977). Still, the principle on which the Clause is based—that persons have, at the time they engage in conduct, a right to fair warning of what conduct will give rise to which criminal penalties—is fundamental to our concept of constitutional liberty and is, therefore, protected against judicial action by the Due Process Clause. *Id.*, at 191–93, at 993. Thus, a state judicial decision may not operate retroactively if it has the effect of depriving persons of fair warning of what conduct will give rise to which criminal penalties. *Ibid.* Our decision today, however, even if applied to appellants, will not deprive them, retroactively, of fair warning of what conduct will give rise to which criminal penalties. Our decision does not retroactively alter the definition of aggravated robbery as it existed in 1982, its range of punishment, or the substantive defenses that were available

with respect to it. See *Collins v. Youngblood*, 497 U.S. 37, 41–43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990).

■■■ Appellants make no other constitutional or policy arguments regarding retroactivity, and, in the absence of briefing, we will consider no others.[5]

## *Conclusion*

Since there was no limitations issue raised until the punishment stage of appellants' trial, the State had no burden to prove beyond a reasonable doubt that the prosecution was not limitations-barred. Consequently, appellants' evidentiary insufficiency claims must fail.

We REVERSE the judgments of the court of appeals and AFFIRM the judgments of the trial court.

OVERSTREET, J., delivered a dissenting opinion.

MEYERS, J., delivered a dissenting opinion in which PRICE, J., joins.

BAIRD, J., did not participate.

OVERSTREET, Judge, dissenting.

I dissent to the majority's overruling of long-standing precedent requiring the State to prove, as part of its burden of proof, that the prosecution is not limitations-barred, even if the defendant does not raise the issue. I see no reason to overturn such well-established precedent. The majority suggests that it is not bound to follow such law because it is unworkable or badly reasoned. *Proctor and Lemell v. State*, 967 S.W.2d 840, 844–45 (Tex.Cr.App.1998). However, it appears to me that the majority's newly-inspired analysis is what is poorly reasoned, and such will obviously be very workable for the State since it is relieved of its burden of

---

4. Judge Meyers, in dissent, complains that we are holding today that our prior rule regarding limitations has become "unworkable." Judge Meyers is mistaken. What we are holding today is that the prior rule was badly reasoned.

5. Judge Meyers, in dissent, complains that we are applying our new limitations rule to appellants retroactively. Judge Meyers is correct. We

point out, however, that, as a general rule, judicial decisions *are* applied retroactively. It is, of course, within the Court's power to limit the retroactive effect of a decision, but we rarely do so, especially in the absence of briefing, because there is a need to reward the party (in this case, the State) responsible for convincing the Court to overrule unsound precedent.

proving the statutory limitations requirements in the absence of objection. Of course why would a party object to the failure to prove something that the opposing party is required to prove?

My greater concern is the majority's changing of the rules midstream on appeal, i.e. suddenly no longer requiring the State to prove that the prosecution was not limitations barred unless appellants objected at trial, when unquestionably there was no such requirement of a defense objection when the case was tried. The majority concludes that such a midstream change in the law is not a violation of the Ex Post Facto Clause of the United States Constitution, because such does not deprive appellants of fair warning of what conduct will give rise to particular criminal penalties, nor does it retroactively alter the definition of aggravated robbery as it existed in 1982, its range of punishment, or the substantive defenses that were available with respect to it. *Id.*, at 844–845. Yet the majority acknowledges that limitations is indeed a defense; and altering whether and when such defense must be raised to be enforced certainly alters its substantive utility.

I am even more troubled by the majority's statement that "[a]ppellants make no other constitutional or policy arguments regarding retroactivity," and therefore it will consider no others. *Id.*, at 845. Appellants' joint brief cites *Rubino v. Lynaugh*, 845 F.2d 1266 (5th Cir.1988) for the proposition that "the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S Constitution protect defendants from judicial actions that would contravene the ex post facto clause." (Appellants' joint brief, p. 9). *Rubino, supra*, at 1271, noting that the United States Constitution's prohibition against ex post facto laws applied directly only to legislative action, acknowledged that the due process clause protects defendants against action by the judiciary that would contravene the ex post facto clause if done by the legislature. *Rubino* also explicitly recognized that the purposes behind the prohibition on ex post facto laws are to restrain legislatures and courts from arbitrary and vindictive action, and to prevent prosecution and punishment without fair warning. *Id.*, at 1272.

What could be more arbitrary and vindictive than what this Court now does in overruling years of precedent requiring the State to prove that the prosecution is limitations barred even in the absence of a defense objection thereto, and applying it retroactively to appellants? And such a post-trial change in the law certainly deprives appellants of their statutory limitations defense without fair warning, or any warning. How could appellants have been warned, fairly or otherwise, at the time of trial that this Court would years later overturn decades of law that did not require them to object? If the Texas Legislature made such a change years after trial, unquestionably ex post facto prohibitions would preclude applying the change to appellants. But this Court chooses to ignore the fact that appellants have indeed raised the claims discussed by *Rubino* and refuses to address them.

Because the majority chooses to apply newfangled caselaw to appellants' cases that were tried years ago, and employ some sort of tunnel vision in interpreting the claims made in appellants' brief, I respectfully dissent.

MEYERS, Judge, dissenting.

The Court overrules nearly a century of precedent.[1] I dissent.

1. The majority says requiring the State to prove the offense occurred within the applicable limitations period has proven "unworkable." Precedent has regularly come to be viewed as "unworkable" in recent months. *See Hatch v. State,* 958 S.W.2d 813 (Tex.Crim.App.1997)(overruling *Hernandez* ); *Ex parte Wilson,* 956 S.W.2d 25 (Tex.Crim.App.1997)(overruling portion of *Jarrett* ); *Guzman v. State,* 955 S.W.2d 85 (Tex.Crim.App.1997)(overruling *Dubose, Carter* and *Arcila* ); *Ex parte McJunkins,* 954 S.W.2d 39 (Tex.Crim.App.1997)(op. on reh'g)(recalling mandate in order to issue opinion overruling *Ex parte Sims* ); *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App.1997)(overruling *Benson/Boozer* line of cases); *Cain v. State,* 947 S.W.2d 262 (Tex.Crim.App.1997)(overruling *Morales, Marin, Whitten* to extent of conflict); *see also Creager v. State,* 952 S.W.2d 852 (Tex.Crim.App. 1997)(disavowing implication in *Dunn* ); *Carmona v. State,* 941 S.W.2d 949 (Tex.Crim.App.1997)(disavowing *Fuller* to some extent).

## I.

The two indictments at issue each alleged commission of an offense that is limitations barred. On appeal appellants claimed the evidence was insufficient to show the offense for which they were convicted occurred within the limitations period. The majority holds the statute of limitations is now going to be a defense which "is forfeited if not asserted at or before the guilt/innocence stage of trial." *Proctor and Lemell v. State* (Tex.Crim.App. 1998). Only if "there is some evidence before the jury, from any source, that the prosecution is limitations-barred" does the State have a burden to prove the prosecution is not limitations-barred. *Id.* at 844.

In so holding, the majority overrules over one hundred years of caselaw because "when governing decisions of this Court are unworkable or badly reasoned, we are not constrained to follow precedent." *Id.* at 845. The majority musters "at least two cases" which reflect some inconsistency in the law. These opinions were delivered some twenty-five ago.[2] *Ex parte Schmidt*, 500 S.W.2d 144 (Tex.Crim.App.1973); *Ex parte Ward*, 470 S.W.2d 684 (Tex.Crim.App.1971). Two random cases delivered twenty-five years past,

in the midst of caselaw spanning one hundred years consistently holding to the contrary do not strike me as indicating the prevailing rule is so "unworkable" as to compel a radical change.

But the Court finds the State in a muck for having failed to file the instant indictments in a timely manner. And it would be a bitter pill to swallow if this Court were to be held responsible for the State's sloppy prosecution, resulting in the release of two co-defendants who most certainly committed the heinous crime for which they were convicted. So never mind that the State had five years to file the instant indictments but filed in the sixth year.[3] And never mind precedent.

## II.

The Court's holding raises new questions in light of related precedent.

A majority of this Court recently reiterated settled law that "the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period."[4]

---

**2.** In the two cases relied upon by the majority, the Court did not apply limitations as a defense. The defendants in both cases had been ordered extradited for trial on charges in another state. They claimed the charges in the other state were barred by the other state's statutes of limitations. In *Ward*, while we did say "[l]imitations are a matter of defense and must be asserted on the trial by the defendant in criminal cases," citing Supreme court precedent, we ultimately determined to view limitations as a "factual matter for the demanding state to decide along with the interpretation of its laws." In response to the defendant's statute of limitations claim in *Schmidt*, we said simply "[t]his Court has dealt with a similar contention in [*Ward*], and in that case we held that this was a matter of defense which should be decided in the courts of the demanding state."

**3.** Appellants were first tried and convicted in 1982. Upon reversal by the court of appeals, they were retried in 1988. This case arises from the 1988 convictions.

The indictments underlying appellants' convictions in the instant case were filed January 8, 1988, charging appellants with aggravated robbery by causing serious bodily injury to Wing Lew on or about January 29, 1982. An indictment for aggravated robbery must be presented within five years from the date of the commission

of the offense. Tex.Code Crim. Proc. Ann. art. 12.01(4)(A), 12.03(d). The State's proof showed the offense occurred on or about January 29, 1982, as alleged; therefore, the State also had to prove tolling (under the law prior to today's opinion). The State says the statute was tolled by the timely filing of the 1982 indictments which contained the same allegations for which appellants were convicted under the 1988 indictments. Even if evidence of the existence of the 1982 indictments could be considered (the only evidence of the 1982 indictments was offered in a hearing outside the presence of the jury), the State expressly abandoned the relevant allegations in the 1982 indictments prior to empaneling the jury in the 1982 trial. *Proctor v. State*, 841 S.W.2d 1, 3–4 (Tex.Crim.App.1992). Thus, that charge was not preserved by the 1982 indictments. As such, the State could bring a future prosecution on those allegations, *but it had to be brought within the limitations period.* The State should have re-indicted on the instant allegations on or before January 29, 1987, but did not do so until January 8, 1988, at which time the limitations period had run.

**4.** As I have previously pointed out, the "on or about" language does not work some magic allowing the State to prove an offense on a date other than the one alleged. *Mireles v. State*, 901

*Sledge v. State,* 953 S.W.2d 253, 256 (Tex. Crim.App.1997). It follows from this that an indictment alleging "on or about" a particular date places the defendant in jeopardy for any such offense within the applicable limitation period. But what if a defendant who fails to assert his statute of limitation defense is convicted of an offense that occurred outside the limitation period? Then hasn't he been convicted of an offense for which he was not placed in jeopardy? And how is legal sufficiency of the evidence determined in these circumstances? We measure sufficiency by applying a "hypothetically correct" jury charge. *Malik v. State,* 953 S.W.2d 234 (Tex. Crim.App.1997). How would such charge deal with the issue of limitations? A hypothetically correct charge

> ... accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.

*Id.* at 240. How can we harmonize precedent holding that an indictment alleging "on or about" describes any offense *within the limitation period,* with today's rule that limitations is a defensive issue that must be raised in order for the State to prove it? On the one hand, by its terms, the indictment provides the State can prove *any date so long as* it is within the limitation period; on the other hand, the State need not prove the offense occurred within the limitations period *unless* the defendant raises the issue. How would a "hypothetically correct" charge, one that "accurately sets out the law," reflect these two rules of law?

One last thought. The Court's opinion shifts the burden on the issue of limitations from the State to the defendant. Before this case, and thus at the time of appellants' trials, the State had the burden of proving limitations, and the defendant had no burden

on the matter. *Proctor and Lemell,* at 843 ("we have held repeatedly that the State must always prove, as part of its burden of proof in a criminal prosecution, that the prosecution is not limitations-barred, even if the defendant does not raise the issue"). Bearing no burden to raise the issue at trial, appellants did not. But the Court holds appellants procedurally defaulted the issue by failing to raise it at trial. Go figure.

I dissent.

PRICE, J., joins.

---

S.W.2d 458, 465 (Tex.Crim.App.1995)(Meyers, J., dissenting). Pleading the offense was committed "on" a certain date has also been construed as meaning the State need only prove a date within the limitation period. *Id.* But a majority of the Court has recently come to insist that the "on or about" language is critical in order to transform the allegation into one which allows the State to prove up an offense on any date within limitations. *See Sledge v. State,* 953 S.W.2d 253, 256 (Tex.Crim.App.1997)(referring to "on or about" language as that which allows State to prove date other than one alleged but within limitation period).