In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00086-CV


______________________________







IN THE INTEREST OF AMBER JOHNSON, A CHILD








 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 65696




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Mechele Caldwell has filed a pro se notice of appeal. It appears from the limited information
revealed by that notice that she is either attempting to appeal from a parental termination order
signed over three years ago or from an adoption proceeding to which she is not a party. 

 On June 26, 2002, we wrote Caldwell and asked her to show this Court how we had
jurisdiction to proceed in this case. We warned her that if she did not do so, and also return a
completed docketing certificate which we sent her with the letter, her appeal would be subject to
dismissal fifteen days after the date of our letter. Tex. R. App. P. 42.3(b),(c).

 Although an additional twenty days has now elapsed from the due date set out by our letter,
Caldwell has not responded in any fashion and has made no effort to pursue this appeal. 

 The appeal is dismissed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 22, 2002

Date Decided: July 23, 2002


Do Not Publish



committed reversible error by allowing this late amendment. 
The voir dire took place Tuesday, January 22, 2008. On the afternoon of January 25, 2008, the State
filed a motion to amend the indictment to add the language; the motion was granted a few minutes
later. Trial began the following Monday, January 28, 2008. (1) 

 Clearly, the indictment was amended. The record contains a copy of the motion to amend,
and Assistant District Attorney Samantha Crouch stated in the attached certificate of service that a
copy of the motion was forwarded to Kay's counsel on that date via facsimile. A certification by an
attorney of record showing service of a notice is prima facie evidence that service was made. Tex.
R. Civ. P. 21a. Anyone contending that such a notice was not received has the burden to show that
the notice was not received. Because a certificate of service creates a presumption that the notice
was served, without evidence to the contrary, (2) proof of service has been made. Cliff v. Huggins, 724
S.W.2d 778, 780 (Tex. 1987); Krchnak v. Fulton, 759 S.W.2d 524 (Tex. App.--Amarillo 1988, writ
denied).

 The reporter's record states that the indictment was read in open court when Kay was
arraigned January 28. Because the court reporter in this case did not transcribe the reading of the
indictment, but merely noted, "Indictment read," the record does not reflect that the amended
indictment was read. We assume, however, that the trial court read the indictment as it existed at
the time of the reading, that is, amended. See Hardeman v. State, 552 S.W.2d 433 (Tex. Crim. App.
1977) (presumption of regularity).

 By statutory requirement, a defect of substance in an indictment is waived if the defendant
does not object before the date trial begins. Tex. Code Crim. Proc. Ann. art 1.14(b); State v.
Turner, 898 S.W.2d 303, 306 (Tex. Crim. App. 1995), overruled on other grounds by Proctor v.
State, 967 S.W.2d 840, 842 (Tex. Crim. App. 1998). Although we would not read this requirement
so narrowly as to make an objection made on the morning of trial ineffective under these
circumstances, in this case no objection was made at any point. (3)

 Accordingly, it appears that the complaint was not preserved for our review.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 5, 2009

Date Decided: May 6, 2009


Do Not Publish
1. We take this opportunity to point out to the court reporter that the failure to transcribe the
reading of the indictment, and instead merely stating "indictment read" means that we cannot
determine with certainty whether the original, or the amended, indictment was read to the jury. As
no party has suggested that the original indictment was read rather than the amended one, we need
not further address that matter, but we strongly suggest that, in the future, the entirety of the
proceedings be transcribed.
2. To his brief, appellate counsel attached an affidavit by Kay's counsel stating that he never
received either the motion or the order, and was thus given no opportunity to request any relief. In
Yarbrough v. State, 57 S.W.3d 611 (Tex. App.--Texarkana 2001, pet. ref'd), we held that, under
Rule 34.1 of the Texas Rules of Appellate Procedure, we are not permitted, in a direct appeal, to
consider affidavits not before the trial court, except regarding matters affecting our jurisdiction. Id.
at 615; see Tex. R. App. P. 34.1. Rule 34.1 defines the contents of an appellate record, limiting them
to the clerk's record and the reporter's record. Tex. R. App. P. 34.1. Affidavits filed solely in the
appellate court do not properly fall into either part of the record and, therefore, cannot properly be
considered by a court of appeals. Hernandez v. State, 84 S.W.3d 26, 32 (Tex. App.--Texarkana
2002, pet. ref'd); Yarbrough, 57 S.W.3d at 616.
3. We also note that the charge in the record has the amended language in it. This was the
charge apparently read to the jury, although the court reporter, here too, did not transcribe the actual
reading of the charge, opting to report "Charge read." Before the charge was read to the jury, Kay's
counsel had affirmatively said, "no objection" to it.