NO. 07-06-0014-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 12, 2006
_____

GERALD L. RICHARDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2005-494,592; HONORABLE DRUE FARMER, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Gerald L. Richards, appeals his conviction for possession of marihuana, in an amount less than two ounces.  For the reasons stated herein, we reverse the trial court's judgment.

On June 21, 2005, appellant was charged, by information, with the offense of misdemeanor possession of marihuana.[1] The information alleged that the offense occurred on or about May 1, 2003; however, it did not allege facts that would toll the two-year statute of limitations applicable to misdemeanor offenses. Prior to trial, appellant filed a Motion to Quash and Exception to Substance of Information alleging that prosecution for the offense alleged in the information was barred by limitations. The State filed a response to appellant's motion alleging that limitations were tolled during the pendency of a prior information for the same offense. Without holding a hearing, the trial court denied appellant's motion.

Subject to a plea agreement, appellant subsequently pled guilty to the offense and, in accordance with the terms of the plea agreement, was sentenced to 90 days incarceration in the Lubbock County Jail, probated for a period of 12 months, and a fine of $200. Following entry of judgment, appellant filed notice of appeal. The trial court certified that appellant has the right to appeal matters raised by written pre-trial motions.

By one appellate issue, appellant contends that prosecution for the possession offense was barred by the applicable statute of limitations.

---

[1]It is a Class B misdemeanor offense to knowingly or intentionally possess a useable quantity of marihuana in an amount less than two ounces. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 2003).

Generally speaking, the statute of limitations contained in Chapter 12 of the Texas Code of Criminal Procedure insulates individuals from prosecution after the passage of an express period of time following the alleged commission of an offense. Proctor v. State, 967 S.W.2d 840, 843 (Tex.Crim.App. 1998). Specifically, Texas Code of Criminal Procedure article 12.02 provides that, "[a]n indictment or information for any misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward." TEX. CODE CRIM. PROC. ANN. art. 12.02 (Vernon 2005). The Texas Court of Criminal Appeals has indicated that limitations is a defense that must be specifically asserted by a defendant, at or before the guilt/innocence stage of trial, or it is waived. See Proctor, 967 S.W.2d at 844. However, once the defendant raises the defense, the burden then shifts to the State to prove that the prosecution is not barred by limitations. See id.

In the present case, appellant properly raised the defense of limitations. Appellant presented sufficient evidence of the application of limitations in this case by referencing the information which, on its face, evidenced that prosecution was limitations-barred. The State's response correctly contended that limitations are tolled while a prior information is pending for the same offense. See TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (Vernon 2005); McAlister v. State, 119 S.W.3d 460, 462 (Tex.App.–Fort Worth 2003, no pet.). However, the State failed to submit any evidence of the pendency of a prior information relating to the possession offense nor did the State request the trial court to take judicial notice of any prior information contained in the court's files. Because no hearing was held on appellant's motion, the record reflects that the State failed to provide any evidence that

the limitations period applicable to the June 21, 2005 information was tolled by the pendency of a prior information charging appellant with the same offense.[2]  As this information was limitations-barred on its face and as the State has failed to provide evidence that the limitations period was tolled, we conclude that the trial court erred in denying appellant's Motion to Quash and Exception to Substance of Information.

Accordingly, we reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

Mackey K. Hancock
Justice

Do not publish.

---

[2] In an attempt to supplement the appellate record, the State provided this Court a copy of the contents of the court's file in cause number 2003-484127, which does include a prior information filed, on May 9, 2003, against appellant for the instant offense.  Also included is an order dismissing cause number 2003-484127, signed on May 20, 2004.  However, because our review is limited to the record made in the trial court and presented to us in the appellate record, we cannot and do not consider this additional evidence which was not presented to the trial court.  See Cerda v. State, 644 S.W.2d 875, 877 (Tex.App.–Amarillo 1982, no pet.).