# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00273-CR

Leobardo Puente Martinez, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. D-1-DC-10-302528, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Leobardo Puente Martinez guilty of sexual assault. *See* Tex. Penal Code § 22.011(a)(1)(A). The jury assessed punishment at twenty years' imprisonment. On appeal, Martinez asserts that (1) his prosecution for this offense was barred by the statute of limitations and (2) the trial court erred in failing to instruct the jury on the applicable statute of limitations. We affirm the judgment of the trial court.

## BACKGROUND

On October 8, 1999, "Jessica Lopez,"[1] the complaining witness in this case, was at a dance club in Austin when she met a man whom she later identified as Martinez. Lopez had seen Martinez in the club previously, and Martinez told Lopez that his name was Antonio. Martinez

---

[1] We refer to the complaining witness by a fictitious name to protect her identity.

and Lopez shared a drink and had their picture taken by a photographer while they were at the club. Martinez told Lopez that he needed to go back to his apartment to get his wallet. Lopez accompanied Martinez back to his apartment, at which point the alleged sexual assault began.

Lopez testified that Martinez lured her into the bedroom and demanded that she perform sexual intercourse. When Lopez refused, Martinez began hitting and biting Lopez on her face and body. Martinez penetrated Lopez's sexual organ with his sexual organ, and when Lopez screamed for him to stop, Martinez threatened to kill her if she did not comply. After the assault was complete, Martinez fell asleep and Lopez carefully got dressed and sneaked out through a window. Lopez went home to treat the open wounds on her face and then called 911 to report the assault.

Lopez gave responding officers the picture of her and Martinez from the club; an approximate address for his apartment; and a phone number for his apartment, explaining that she had previously dated Martinez's roommate. Lopez agreed to submit to a sexual assault exam, and DNA and other forensic evidence was recovered from her body and clothing that same day. Lopez met with Detective Gary Zumwalt from the Austin Police Department's Sex Crimes Unit a few days after the assault, but Detective Zumwalt did not obtain a formal statement from Lopez about the assault at that time. Six months later, the results from the sexual assault exam revealed DNA of an unknown male that did not match that of any suspect in the nationwide criminal database. Detective Zumwalt's investigation of the assault was suspended and the unidentified DNA sample was entered into the criminal database in the hope that a future match could identify the assailant.

In late 2010, Detective Stephen Andreini learned that the DNA sample recovered from Lopez's alleged assault matched that of a sample recently recovered from Martinez. Detective Andreini contacted Lopez, who gave a written statement about the sexual assault. Martinez was

indicted on February 25, 2011 for the alleged sexual assault. Following a three day trial, the jury found Martinez guilty of the sexual assault and assessed punishment at twenty years' imprisonment. This appeal followed.

## DISCUSSION

Martinez raises two issues on appeal. First, he asserts that his prosecution was barred by the ten-year statute of limitations. *See* Tex. Code Crim. Proc. art. 12.01(2)(E). Second, Martinez claims that the trial court erred in failing to instruct the jury on the applicable statute of limitations. We address each of these issues separately.

### Statute of limitations

In his first issue on appeal, Martinez claims that his prosecution was time-barred by the ten-year statute of limitations. Generally, the statute of limitations for sexual assault of an adult is ten years from "the date of the commission of the offense." *See id.*[2] However, there is no statute

---

[2] In October 1999—when this offense allegedly occurred—the applicable statute of limitations for sexual assault was five years. *See* Act of Apr. 23, 1999, 76th Leg., R.S., ch. 39, § 1, art. 12.01(4)(C), 1999 Tex. Gen. Laws 83, 84 (amended 2001) (current version at Tex. Code Crim. Proc. art. 12.01(2)(E)). However, in 2001, the Legislature amended the applicable statute of limitations for sexual assault to the term currently reflected in article 12 of the Code of Criminal Procedure. *See* Act of Apr. 20, 2001, 77th Leg., R.S., ch. 12, § 1, art. 12.01(1)(B), (2)(E), 2001 Tex. Gen. Laws 20 (amended 2003) (current version at Tex. Code Crim. Proc. art 12.01(1)(C), (2)(E)). Martinez concedes that the 2001 amendment effectively extended the statute of limitations for this offense because at the time of the amendment's adoption the original five-year statute of limitations had not expired. *See Phillips v. State*, 362 S.W.3d 606, 612–13 (Tex. Crim. App. 2011) (explaining that if statute of limitations is extended after offense committed, prosecution is constitutional only if original statute of limitations "had not already run before the law was changed"). For convenience, we cite to the current version of the statute because there have been no intervening amendments since 2001 that are material to our disposition of this appeal.

of limitations for sexual assault "if during the investigation of the offense biological matter is collected and subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained." *Id.* art. 12.01(1)(C).

Martinez was indicted in this case more than ten years after the alleged sexual assault occurred. *See id.* arts. 12.01(2)(E); 12.05(b)–(c) (tolling statute of limitations during pendency of indictment). Martinez asserts that in 1999, Lopez provided Detective Zumwalt with so much information about her assailant—including a photograph of Martinez, his telephone number, and his approximate address—that Detective Zumwalt could have readily ascertained Martinez's identity at that time. Therefore, according to Martinez, article 12.01(1)(C) of the Code of Criminal Procedure is inapplicable in this case because his identity could have been readily ascertained at or near the time the DNA sample was collected. *See id.* art. 12.01(1)(C) (removing statute of limitations for sexual assault if unidentified DNA collected during investigation). Thus, Martinez claims that his prosecution was barred by the default ten-year statute of limitations for sexual assault. *See id.* art. 12.01(2)(E).

Martinez raises the statute of limitations issue for the first time on appeal. "[T]he statute of limitations is a procedural rule [] in the nature of a defense" that operates as an "act of grace for the benefit of potential defendants, a voluntary surrendering by the people of their right to prosecute." *Proctor v. State*, 967 S.W.2d 840, 843 (Tex. Crim. App. 1998). For this reason, the court of criminal appeals has concluded that the statute-of-limitations defense "is forfeited if not asserted at or before the guilt/innocence stage of trial." *Id.* The court explained that this defense may be preserved by either (1) filing a pre-trial motion to dismiss under article 27.08(2) of the Code

4

of Criminal Procedure or (2) requesting a jury instruction on the statute of limitations. *Id.* (noting that State has burden to prove beyond reasonable doubt that statute of limitations has not expired).

Recently, the court of criminal appeals carved out an exception to the general rule that a statute-of-limitations defense must be raised at or before trial. *See Phillips v. State*, 362 S.W.3d 606, 616–17 (Tex. Crim. App. 2011). As the court explained, when the legislature extends the statute of limitations after the limitations period has expired for a given offense, prosecution under the new statute of limitations for that offense would constitute an application of unconstitutional ex post facto law. *See id.* at 616 (citing *Stogner v. California*, 539 U.S. 607, 616–19 (2003)); *see also* U.S. Const. art. I, § 9 cl. 3 (prohibiting passage of ex post facto law); Tex. Const. art. I, § 16 (same). Because there is a "categorical prohibition" against ex post facto laws, a defendant does not waive his right to challenge his conviction on ex-post-facto grounds by failing to object at trial. *See Phillips*, 362 S.W.3d at 616–17 (citing *Ieppert v. State*, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995)). Therefore, the court held that a defendant may raise a statute-of-limitations challenge on ex-post-facto grounds for the first time on appeal. *Id.*

In this case, the statute of limitations for sexual assault was extended before the original five-year statute of limitations for this offense had expired. *See supra* n.2. Therefore, this case does not present an ex-post-facto violation. *See Phillips*, 362 S.W.3d at 612. Nevertheless, Martinez asserts *Phillips* established that a defendant may raise any statute-of-limitations challenge—regardless of whether or not it is founded on ex-post-facto grounds—as long as the record establishes that the limitations period had expired as a matter of law. *See id.* at 617–18 (noting that if "indictment shows on its face that prosecution is absolutely barred by the statute of limitations," then statute-of-limitations defense is question of "pure law," not fact).

Even assuming, without deciding, that *Phillips* indicates a defendant may raise a statute-of-limitations defense for the first time on appeal if the defense involves a "pure" question of law, Martinez's defense in this case still fails. The statute-of-limitations defense that Martinez asserts necessarily involves a factual issue—i.e., whether his identity could have readily been ascertained in 1999 such that article 12.01(1)(C) does not apply. This is a statute-of-limitations defense that is "based on facts," and therefore is exactly the type of defense that *Phillips* cautioned must be raised at or before trial. *See id.* at 618 (noting that statute-of-limitations defense that involves factual dispute such as tolling must be preserved because defect may be reparable). Because Martinez failed to raise his statute-of-limitations defense either by pre-trial motion or by requesting a jury instruction, he has not preserved this issue for appeal. *See id.* Therefore, we overrule Martinez's first appellate issue.

**Jury instruction**

In his second issue on appeal, Martinez asserts that the trial court erred in failing to instruct the jury on the statute-of-limitations issue. However, as Martinez concedes, his trial counsel never requested an instruction on the statute of limitations. Martinez nevertheless contends that the trial court's failure to include a statute-of-limitations instruction on its own volition was egregiously harmful error that denied him a fair and impartial trial. *See Almanza v. State,*. 686 S.W.2d 726, 731 (Tex. Crim. App. 1994) (explaining that juror-charge error may, in rare circumstances, support reversal even if error not raised in requested jury instruction).

The court of criminal appeals has held that it is the defendant's duty to request a jury instruction on the statute of limitations in order to preserve a complaint about the jury charge for

appeal. *See Tita v. State*, 267 S.W.3d 33, 39 (Tex. Crim. App. 2008). Therefore, we conclude that Martinez was not egregiously harmed by the trial court's failure to give a statute-of-limitations instruction. *See id.*; *see also Moss v. State*, No. 03-95-00495-CR, 1997 WL 139330, at *2–3 (Tex. App.—Austin Mar. 27, 1997, pet. ref'd) (not designated for publication) (concluding no *Almanza*-type harm from failure to instruct jury on statute-of-limitations defense). We overrule Martinez's second appellate issue.

## CONCLUSION

Having overruled Martinez's two appellate issues, we affirm the trial court's judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: March 20, 2014

Do Not Publish

7