

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1591-13

### EX PARTE ERIC MICHAEL HEILMAN, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### JEFFERSON COUNTY

**MEYERS, J., filed a dissenting opinion.**

## D I S S E N T I N G   O P I N I O N

Today the majority overrules our prior decision in *Phillips v. State*, 362 S.W.3d 606 (Tex. Crim. App. 2011), and determines that Appellant is not entitled to relief on his statute of limitations claim. With today's decision we are continuing down an unreasonable path of placing the entire burden on the defendant to complain of statute of limitations issues. The statute of limitations should not be a defensive issue, and I believe that the case we should actually be overruling today is *Proctor v. State*, 967 S.W.2d 840, (Tex. Crim. App. 1998).

In *Proctor* we changed the law concerning the statute of limitations and held, for the first time, that limitations is a rule that must be implemented only upon the request of the

defendant, rather than it being an absolute requirement that must be proved by the State in every criminal prosecution. *Id*. at 844. However, making the statute of limitations a defensive issue was problematic then, and it is problematic now. Defensive issues should be those that require a defendant to show that he is not guilty of a crime. The statute of limitations has nothing to do with a defendant's guilt–it relates only to the State's timely filing of a case–and therefore, the defendant should not bear the heavy burden of invoking it. The statute of limitations is meant to be something the State must prove in order to prosecute, much like it must prove that a crime took place in a particular county. TEX. CODE CRIM. PROC. art. 13.17. Further, the State is allowed to allege in the indictment that the crime took place "on or about" a certain date, so long as that date is "anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." TEX. CODE CRIM. PROC. art. 21.02. Requiring that the dates the State alleges not be barred by limitation is at odds with holding that the State must actually prove that the offense occurred within the statute of limitations only if the defendant raises the issue. *See Proctor v. State*, 967 S.W.2d at 847 (Meyers, J., dissenting).

The present problems surrounding the statute of limitations arose when this court decided to change the law and make limitations a defensive issue. *Proctor* is a not a well-reasoned or substantiated opinion, and was decided the way it was only in order to keep the convictions in the case from being overturned. Today, rather than overruling *Phillips*, we should be correcting the mistake made in *Proctor* and return to considering the statute of

limitations an absolute requirement that is the State's burden to prove. Therefore, I would overrule *Proctor* and remand this case to the court of appeals to be examined in light of *Yount v. State*, 853 S.W.2d 6 (Tex. Crim. App. 1993), in which we held that a defendant who requested a jury instruction on a lesser-included offense could not later complain that his conviction of that offense was barred by limitations. For the foregoing reasons, I respectfully dissent.

Filed: March 18, 2015

Publish