

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0038-14

**CHRISTOPHER ADRIAN MILLER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**MEYERS, J., filed a dissenting opinion.**

### D I S S E N T I N G   O P I N I O N

The majority states that "strict application of the corpus delicti rule is unnecessary" when the multiple crimes confessed to "are sufficiently proximate that the underlying policy reason for the rule is not violated." Really? Just two months ago, this same majority was called upon in *Butcher v. State*, No. PD-1662-13, 2015 Tex. Crim. App. LEXIS 39 (Tex. Crim. App. Jan. 28, 2015), to look at the "underlying policy reason" of the safe release provision of the kidnapping statute. There, however, the majority was quick to avoid any

resolution of that particular question and dispatched with any attempt to apply the legislature's actual intent with the provision, to promote the safe release of kidnapping victims. Here, the same majority comes to the rescue of the State yet again.

There is no valid reason to erode the corpus delicti rule here and now. It has been a tenet of our state's judicial system and still serves the important purpose of protecting those who, for any number of reasons, may give a false confession.  While changing the rule in the way the majority does might be an attractive solution in this case,  I believe it largely removes the protection that the rule was meant to ensure.[1] While the majority does not overrule or replace corpus delicti, it has turned the rule into a game of horseshoes, where the State gets points just for getting close.

I do not understand why the majority does not grant relief to the State in this case, as it certainly has not shied away from doing so in the past.[2] Regardless, I disagree with the majority's altering of the corpus delicti rule and, therefore, I respectfully dissent.

Meyers, J.

Filed: April 15, 2015
Publish

---

[1]The facts of this case and the nature of the crimes make loosening the corpus delicti rule particularly appealing here. However, in the big picture, we should not erode a rule that provides so important a protection. I believe that doing so will result in exactly what the rule is supposed to guard against–the conviction of innocent individuals.

[2]For example, in *Proctor v. State*, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998), this court held, for the first time, that the statute of limitations is a rule that must be implemented only upon the request of the defendant, rather than an absolute requirement for the State to prove in every prosecution. The court had no problem applying that rule to the appellants' cases retroactively. *Id*. at 845.