

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-23-00399-CR

KEITH DAVID GARRISON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 26th District Court
Williamson County, Texas
Trial Court No. 19-1863-K26, Counts I–V, Honorable Rick Kennon, Presiding

August 16, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following pleas of not guilty, Appellant Keith David Garrison, was convicted by a jury of five counts of possession of child pornography.[1]  Sentences imposed ranged from two to five years and were ordered to run concurrently but were suspended in favor of community supervision for eight years.  By his original and reply brief, Appellant contends the evidence is insufficient to show he was prosecuted within the applicable statute of

---

[1] TEX. PENAL CODE ANN. § 43.26(d).  All further references to "§" or "section" are to the Penal Code unless otherwise designated.

limitations and insufficient to support his convictions.[2]  We reverse and enter judgments of acquittal on all five counts.

## BACKGROUND

Appellant and his former girlfriend, Ballew, began dating in 2015 and moved in together in 2018.[3]  Her sons and a daughter also lived with them.  According to Ballew, they all had a good relationship.[4]  At one point in the relationship, she sensed Appellant becoming distant.  He became secretive and spent a lot of time on his computer and in the bathroom.  She was aware he enjoyed viewing pornography.

On one occasion, Appellant shared a pornographic video with Ballew, the storyline of which concerned her.  She looked up the actresses and confirmed they were adults. But she became suspicious of Appellant's conduct and, one day while he was not home, she looked through his drawers and found a receipt for a hidden camera smoke detector. She found the camera had been installed in her teenage daughter's bedroom and asked Appellant about it via a text message.[5]  Numerous confrontational text messages were exchanged between them.[6]  Although Appellant's computer was password-protected, he

---

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

[3] Ballew testified she joined OnlyFans and Pornhub after her relationship with Appellant ended.

[4] Prior to their cohabitation, Appellant lived with two roommates and did not have his computer protected by a password.

[5] A forensic exam revealed there were no images captured on the hidden camera.

[6] Appellant explained to her he had purchased the camera because of previous thefts from a family member.

2

had previously shared it with Ballew because they were both gamers. She searched his Google history and found thumbnail images of what appeared to be child pornography. Some of her searches dated back to 2015. She took screenshots of Appellant's computer screen.

On June 11, 2019, she went to the local police department and reported what she had found. She spoke with an officer who contacted Detective Johnson. The detective asked Ballew to share screenshots from her searches and told her he would investigate and follow-up with her. In the days that followed, Ballew continued to search the computer and attempted a recovery of the system for searches that had been deleted.

On June 14, 2019, an officer was dispatched to her home for a follow-up call. The officer testified that Ballew showed him Appellant's computer which revealed thumbnails of children in "sexually provocative positions." He described the thumbnails as "something very small" of females that appeared to be underage, but which were too small to see details. The officer called Detective Johnson to report what Ballew had shown him and the detective went to her home. He instructed Ballew to call Appellant and question him to manipulate him into an admission of his search history, a procedure known as a "controlled call." The conversation was recorded on the officer's body camera. Based on the conversation between Ballew and Appellant, the detective seized the computer tower as evidence.

Detective Johnson, who had recently been trained in digital forensics, began the process for obtaining a search warrant. After obtaining the warrant, he and a digital forensics expert both inspected the computer. They found many images of child

3

pornography but on recommendation from the district attorney's office, the detective sought arrest warrants for only five specific images depicting what appeared to be underage children performing sexual acts. The detective and expert both generated reports on their findings but only the detective's report was admitted into evidence.

Appellant was indicted for possession of child pornography with visual depictions of "sexual conduct" as follows:

| Count I | "Gina8yobjcuminmouthmvi_1860.avi"<br>MD5 Hash value of bdd5525bc775a50cb6729d55265f7543 |
|---|---|
| Count II | "Petite brune 5 ans.wmv"<br>MD5 Hash value of 6e347097c8266f4a690ce795482e7529 |
| Count III | "HMM – Melissa & Lea Set 07 Unforgettable-Best Ever Full (17m24s).mpeg"<br>MD5 Hash value of 73b662a495bf6ebcd23b9260ecc12b99 |
| Count IV | No title<br>MD5 Hash value of 0ca7ebd928a7543db40492a85cf25faf |
| Count V | No title<br>MD5 Hash value of 662e0c76b12e87adb2c8bedf40c947cb |

Appellant contends the State did not prove he was prosecuted within the applicable statute of limitations and that the evidence is insufficient to support his convictions. We agree he was not charged within the limitations period for possession of child pornography.

### STATUTE OF LIMITATIONS

The statute of limitations for possession of child pornography is three years. TEX. CODE CRIM. PROC. ANN. art. 12.01(9). The primary purpose of a date alleged in an indictment is to show the statute of limitations does not bar the prosecution of a defendant. *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998). The State may allege an

4

offense occurred "on or about" a certain date as long as the date is anterior to the presentment of the indictment and not so remote that prosecution is barred by limitations. TEX. CODE CRIM. PROC. ANN. art. 21.02(6); *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).

In *Proctor v. State*, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998), the Court held that the statute of limitations defense is a third category *Marin* right which must be implemented upon request or it is forfeited. *See Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). To preserve a limitations issue for appellate review, the defense may be raised before trial by filing a motion to dismiss. *Proctor*, 967 S.W.2d at 844. During trial, the issue is preserved if a jury instruction is requested and there is some evidence before the jury that prosecution is limitations-barred. *Id.* If there is such evidence, the State must prove beyond a reasonable doubt that prosecution is not time-barred. *Id. Cf. Rountree v. State*, No. 03-05-00624-CR, 2006 Tex. App. LEXIS 6879, at *5 n.2 (Tex. App.—Austin Aug. 4, 2006, no pet.) (mem. op., not designated for publication) (noting Rountree forfeited his limitations complaint by not filing a motion to dismiss or requesting a jury instruction).

Whether the statute of limitations for an offense expired prior to the charge is a question of law we review de novo. *Villarreal v. State*, 504 S.W.3d 494, 511 (Tex. App.—Corpus Christi 2016, pet. ref'd). In the underlying case, Appellant was charged with possession of pornography "on or about the 11th of June, 2019." Thus, the State was required to prove that the five images alleged in the indictment were accessed on or after June 11, 2016, but before June 11, 2019.

5

Appellant's limitations argument was raised during trial when he moved for a directed verdict. He also raised it during the charge conference by notifying the trial court that "there may be a statute of limitations issue . . . ." He was advised the State had already requested a paragraph on limitations in its proposed charge and the trial court included such an instruction in the charge.

Preservation of error does not require specific words or technical considerations. *Lankston v. State*, 827 S.W.2d 907, 908 (Tex. Crim. App. 1992). All that is required is for a party to let the trial court know what is desired and why he is entitled to it "at a time when the trial court is in a proper position to do something about it." *Id.* Thus, we find his argument is preserved for review and we must determine whether the State proved beyond a reasonable that it prosecuted Appellant within the three-year statute of limitations period.

## ANALYSIS

The record indicates that Appellant acquired his computer from a friend around 2014, five years before being indicted. Detective Johnson testified Appellant's first search for "tiny child models," which was not an image for which he was indicted, occurred on August 20, 2014. However, during arguments on Appellant's motion for directed verdict, the State suggested Appellant acquired a laptop and not a computer from a former roommate and that the computer on which he accessed the pornographic images was not acquired until July 14, 2018, within the limitations period. Ballew testified she never saw a laptop. The date relied on by the State is when Windows was installed and does

6

not reflect the date Appellant acquired the computer. Regardless, the State did not present any evidence of the date Appellant first came into possession of the computer.

Detective Johnson explained that during his forensic examination of Appellant's hard drive, he used an algorithm (MD5 and SHA-1 hash) to create a match of certain images that act as a fingerprint of the hard drive. He then searched for images of child pornography and tagged many images of "obvious child pornography" contained in a thumbnail cache which showed someone "clearly under the age of 18"[7] either in a sexual act or with exposed genitalia or breasts. The detective's forensic report listed many images with titles referencing child pornography and dates and times they were accessed. Although two images he referenced had titles very similar to the image alleged in Count I, his report did not include the titles or dates of the five images contained in the indictment.[8] He admitted several times there were no dates for the downloaded images alleged in the indictment. He also testified that Ballew's attempt to perform a recovery on the computer could have resulted in the loss of valuable evidence.

A digital forensics expert conducted an independent review of Appellant's computer.[9] He testified the only log-in account for the computer belonged to Appellant,

---

[7] A child's age in a case of possession of child pornography is an issue for determination by the trier of fact. *Gerron v. State*, 524 S.W.3d 308, 318 (Tex. App.—Waco 2016, pet. ref'd). There are various methods by which a trier of fact may make an age determination such as testimony by a witness as to the age of a child based on appearance or by expert medical testimony. § 43.25(g)(3), (4).

[8] The State argues it charged Appellant within the statute of limitations based on dates of access of images referenced in Detective Johnson's forensic examination reports, referred to as "jump lists." However, those "jump lists" do not contain information regarding the five images listed in the indictment.

[9] Interestingly, during a Rule 702 hearing, the expert was tendered by Appellant but before the State rested its case-in-chief, it announced its intent to call the expert as a witness to rebut defensive theories raised during Detective Johnson's testimony. Over defense counsel's objection, the trial court allowed the State to call the expert to testify.

7

but he acknowledged that Ballew and others had access to the computer. He found that certain images had been deleted but were recovered with forensic software. He further testified "some of the searches associated with the Google account were reported to go back to 2011." Ultimately, he was not able to determine who downloaded the pornographic images.

During cross-examination by defense counsel, the expert was critical that "best practices" were not followed in seizing the computer. He criticized Ballew's attempt to perform a recovery of the computer's hard drive before and after contacting the police. He explained that her attempts to do so "would introduce new items that are no longer on the computer." It would change the data and possibly the content of the recycle bin making it unlikely to know who had deleted images from the computer. The protocol should have been to "pull the plug, shut it down, and start an analysis on it before anything change[d]." He conceded that was not done and Ballew's searches of Appellant's Google history and her clicking on links changed the evidence. When asked to give his opinion on the forensic value of the data on the hard drive, he described it as "somewhere in between useless and pristine." He expressed uneasiness in using the forensic images as evidence because of the amount of data that was changed.

On further questioning, the State asked the expert "[w]hat date did the computer go back to?" He replied, "[i]t looks like Windows was installed on July 14 of 2018, so basically things started July 14, 2018." He did not, however, explain what he meant by "things started" nor did he link that phrase to the timeline in which Appellant allegedly accessed the five images listed in the indictment.

After the State rested, defense counsel moved for a directed verdict. The trial court expressed concerns on the State's failure to present evidence on *when* the five images specified in the indictment were accessed to which the prosecutor replied, "[t]here is no data for date and time because they are thumbnails." The trial court again pressed the prosecutor for evidence of when the five images in the indictment were accessed. The prosecutor replied, "there is no way to have a date or a time . . . ." But the State again insisted that because Appellant had the computer on July 14, 2018, the date Windows was installed, the charges were brought within the limitations period.

Defense counsel responded that "some of that would be outside the statute of limitations regardless of on or about because if it's five years before 2019, that's 2014." Defense counsel recalled that Appellant had acquired the computer from a friend five years earlier and the trial court recalled the same.[10]

The State's reliance on July 14, 2018, the date Windows was installed, as proof beyond a reasonable doubt that Appellant was prosecuted within the three-year statute of limitations is disingenuous. The State did not show a nexus between installation of Windows and Appellant's Google searches during the relevant timeframe. The State's witnesses admitted several times there was no evidence of the dates of access of the five images for which Appellant was indicted thereby failing in its burden to prove beyond a reasonable doubt that Appellant accessed those images within the three-year limitations period anterior to presentment of the indictment, i.e., June 11, 2019. Thus, the State

---

[10] The trial court commented, "there's no specific evidence of when those particular images were accessed at all." The court acknowledged that Appellant admitted ownership of the computer but asked the prosecutor, "does it really get you there enough to get to a jury on those five specific items within that specific period and specifically accessed by [Appellant]. That's my problem."

failed to indict Appellant during the limitations period for possession of child pornography. That portion of Appellant's issue challenging the sufficiency of the evidence to show he was indicted within the limitations period is sustained. His remaining complaint regarding the sufficiency of the evidence to support his convictions is pretermitted. TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court's judgments are reversed and judgments of acquittal are hereby rendered.

Alex Yarbrough
Justice

Do not publish.