Aron HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 678–89.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 12, 1990.

Rehearing Overruled Dec. 19, 1990.

Patrick J. McGuire, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Sita L. Stone & James D. Rosenkild, Asst. Dist. Attys., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of murder and assessed punishment at fifty (50) years confinement. The Court of Appeals reversed the conviction holding that reputation testimony from two witnesses, based solely on conversations with others within the community about appellant's prior bad acts,

violated the rule of *Wagner v. State*, 687 S.W.2d 303 (Tex.Cr.App.1985) (opinion on rehearing). *Hernandez v. State*, 767 S.W.2d 902 (Tex.App.—Corpus Christi 1989) (opinion on original submission). They also decided, after the filing of a State's petition for discretionary review, Tex.R.App.Pro. 101, that Tex.R.Crim.Evid. 405 did not make any changes in the predicate required by *Wagner*. *Hernandez*, 767 S.W.2d at 905 (opinion on petition for discretionary review). We granted the District Attorney's and the State Prosecuting Attorney's petitions for discretionary review to determine what, if any, effect Rule 405 has on the admissibility of such reputation evidence.

Two witnesses, Deputy Constable Rawley Fisher and Justice of the Peace Junnell McCollum, testified that they knew appellant and that his reputation in the community for being a peaceful and law-abiding citizen was bad. Both admitted on voir dire that their conclusions concerning the reputation were based on conversations with others in the community which conversations consisted of investigation of or receipt of phone calls concerning appellant's prior acts, specifically complaints against appellant for public intoxication and disorderly conduct. Neither witness discussed appellant's reputation with the community members with whom they conversed.

In *Wagner* we held, quoting from *Moore v. State*, 663 S.W.2d 497 (Tex.App.—Dallas 1983, no pet.), that:

> The trustworthiness of reputation testimony stems from the fact that a person is observed in his day to day activities by other members of his community and that these observations are discussed. Over a period time [sic] there is a synthesis of these observations and discussions which results in a conclusion as to the individual's reputation. When reputation is based solely on specific acts, this synthesis is lost, as well as its reliability.

*Wagner*, 687 S.W.2d at 313.

The present case differs from *Wagner* in that the trial was held after the effective date of the Rules of Criminal Evidence.[1]

We have had no opportunity to write on Rule 405 and its impact on this area of the law.

■ The Rule reads as follows:

**(a) Reputation or Opinion.** In all cases in which evidence of character or trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. Provided however that in order to be competent to testify concerning the character or trait of character of the accused, a witness must, prior to the date of the offense, have been substantially familiar with the reputation of the accused. In all cases where testimony is admitted under this rule, on cross-examination inquiry is allowable into relevant specific instances of conduct.

**(b) Specific Instances of Conduct.** In cases in which character or trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

In *Purtell v. State*, 761 S.W.2d 360 (Tex. Cr.App.1988), this Court construed Tex.R. Civ.Evid. 405, a rule which is similar but not the same as our criminal Rule 405. There we held that the civil rule, which was applicable in criminal trials at the time of trial, did not permit inquiry into the deceased's prior acts of homosexuality in response to the victim's wife's testimony that her husband and she had enjoyed a "normal" sex life and that the victim had good character. The only difference between the rule we construed in *Purtell* and Tex. R.Crim.Evid. 405 is that the criminal rule contains the additional sentence, "Provided however that in order to be competent to testify concerning the character or trait of character of the accused, a witness must, prior to the date of the offense, have been substantially familiar with the reputation of the accused."

The Court of Appeals held that, "Substantial familiarity with specific acts is not the same as substantial familiarity with reputation...." *Hernandez*, 767 S.W.2d

---

1. Rule 405 was amended effective September 1, 1986.

at 905. We agree. Rule 405, by its inclusion of the sentence quoted above requiring substantial familiarity with the accused's **reputation,** carries forward the *Wagner* prerequisite for admission of reputation testimony.

 The State argues that Rule 405 permits opinion testimony as to character. We agree. However, the Rule must be read in its entirety. The Rule plainly sets a requirement that before a witness may give his opinion of the accused's character based on the witness' knowledge of the accused's reputation, he must have been substantially familiar with that reputation and this familiarity must have existed prior to the date of the offense. Here the witnesses were not giving their opinions as to appellant's character but were, instead, relying on what they had heard from others. Both admitted that they had not discussed that reputation with people who knew it; rather, they had only discussed appellant's prior bad acts when called upon in their respective official capacities. Thus the witnesses were not competent to testify as to appellant's reputation.

 The State also argues that such error, if it was error, was harmless. We agree with the Court of Appeals that when, as here, the only evidence presented at the punishment phase of trial was the improperly admitted reputation evidence, one cannot say beyond a reasonable doubt that the error did not contribute to the punishment. Tex.R.App.Pro. 81(b)(2).

 Lastly the State's Prosecuting Attorney argues that Tex.R.Crim.Evid. 404(c) is applicable and allows for the introduction of character evidence at the punishment phase. That Rule states, in pertinent part, "Other evidence of his character may be offered by an accused or by the prosecution." We agree that such evidence may be offered, but point out that its admission is governed by Rule 405 as explicated in this opinion.

The judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., dissents.

DAVIS, J., not participating.

WHITE, J., concurs in result.