TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00456-CR







Michael Elroy Daniels, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 93-108-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING








 Appellant Michael Elroy Daniels, Jr. entered a guilty plea to an indictment charging
the felony offense of delivery of cocaine, a controlled substance. The guilty plea was entered
before a jury that assessed punishment at 55 years' imprisonment and a fine of $10,000.

 Appellant advances three points of error. He contends that the trial court erred (1)
in admitting "bad reputation" evidence, (2) in failing to declare a mistrial because of improper
jury argument, and (3) in overruling the motion for a new trial.

 A plea of guilty in a felony charge before a jury admits the existence of all facts
necessary to establish guilt; the introduction of evidence by the State is to enable the jurors to
intelligently exercise the discretion which the law vests in them touching the penalty to be
assessed. Darden v. State, 430 S.W.2d 494, 495 (Tex. Crim. App. 1968); Tex. Code Crim.
Proc. Ann. art. 26.14 (West 1989); see also Holland v. State, 761 S.W.2d 307, 312-13 (Tex.
Crim. App. 1988); Ring v. State, 450 S.W.2d 85, 87 (Tex. Crim. App. 1970); Garza v. State,
878 S.W.2d 213, 216 (Tex. App.--Corpus Christi 1994, pet. ref'd). The only issue before the jury
in such proceedings is that of punishment. Wilkerson v. State, 736 S.W.2d 656, 659 (Tex. Crim.
App. 1987). The trial before a jury upon a guilty plea to a felony offense is a unitary trial, not
a bifurcated one. Id.; Basaldua v. State, 481 S.W.2d 851, 852-53 (Tex. Crim. App. 1972). The
foregoing procedure was followed in the instant case. If there are errors as appellant claims, they
are errors relating only to punishment.

 In his first point of error, appellant urges that the trial court erred "in overruling
appellant's objection to the introduction of bad reputation evidence in the community for
unadjudicated bad acts." The point of error encompasses the separate testimony of three police
officers, William J. Briggs, Gerald L. Pate, and William J. Pascoe, Jr.

 By combining more than one contention in a single point of error, an appellant
creates a multifarious point of error which presents nothing for review. Adkins v. State, 764
S.W.2d 782, 785 (Tex. Crim. App. 1988); Macias v. State, 733 S.W.2d 192, 193 (Tex. Crim.
App. 1987); Thomas v. State, 723 S.W.2d 696, 697 n.2 (Tex. Crim. App. 1986). At least, an
appellant risks rejection of the point of error on the ground that nothing is presented for review. 
Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1212
(1991); see also Murphy v. State, 864 S.W.2d 70, 72 (Tex. App.--Tyler 1992, pet. ref'd); Kelley
v. State, 817 S.W.2d 168, 172 (Tex. App.--Austin 1991, pet. ref'd).

 We shall, however, consider the point of error despite its multifarious nature. See
Sterling, 800 S.W.2d at 521. An examination of the statement of facts reflect that none of the
three police officers who gave character evidence before the jury in the instant proceeding testified
as to any "unadjudicated bad acts" as claimed by appellant. The premise underlying the point of
error is false. Appellant may have confused the testimony from the voir dire examination of these
witnesses out of the jury's presence to determine their qualifications to give character evidence (1)
with the testimony later offered before the jury.

 In determining the admissibility of character evidence at the punishment stage of
a criminal trial, the governing rule is Rule 404(c) of the Texas Rules of Criminal Evidence. (2) 
Vuong v. State, 830 S.W.2d 929, 942 (Tex. Crim. App. 1992). This rule in noncapital criminal
trials should be read in connection with article 37.07(a) of the Texas Code of Criminal
Procedure. (3) When, however, character evidence is offered under Rule 404(c), its admission is
governed by Rule 405 of the Texas Rules of Criminal Evidence. (4) Hernandez v. State, 800
S.W.2d 523, 525 (Tex. Crim. App. 1990).

 We find that the opinion or reputation testimony was properly admitted and that
no "unadjudicated bad acts" were admitted before the jury in the presentation of character
evidence by the three police officers. Moreover, there was no objection to Officer Pate's
testimony at either the voir dire examination or before the jury. For error to be preserved there
must be a timely objection which specifically states the legal basis for the objection. Tex. R. App.
P. 52(a); Miranda v. State, 813 S.W.2d 724, 737 (Tex. App.--San Antonio 1991, pet. ref'd). The
objections to the other officers' testimony do not comport with the complaints on appeal. An
objection stating one legal theory may not be used to support a different legal theory on appeal. 
Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Point of error one is overruled.

 Next, appellant complains that the "trial court erred in not declaring a mistrial
because statements by the State's attorney during final argument were improper." Appellant
complains of the lack of sua sponte action by the trial court. Here again, appellant has grouped
several claims concerning different portions of the prosecutor's argument. The point of error is
multifarious and presents nothing for review. Adkins, 764 S.W.2d at 785. Moreover, there is
no objection to any of the complained-of arguments so as to preserve error for appellate review. 
Tex. R. App. P. 52(a). Failure to object waives any complaint on appeal as to jury argument. 
Miranda v. State, 813 S.W.2d at 740. Appellant argues that the instant jury arguments fall
outside the general rule and were so prejudicial that an instruction to disregard would not cure the
error, and that neither a timely objection nor an adverse ruling is required to preserve error for
review. He cites Motley v. State, 773 S.W.2d 283, 293 (Tex. Crim. App. 1989); see also Burks
v. State, 876 S.W.2d 877, 901 (Tex. Crim. App. 1994), cert. denied, 115 S.Ct. 909 (1995).

 Proper jury argument normally falls within one of the following categories: 
(1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to
argument of opposing counsel; and (4) a plea for law enforcement. Borjan v. State, 787 S.W.2d
53, 55 (Tex. Crim. App. 1990); Allridge v. State, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988),
cert. denied, 489 U.S. 1040 (1989); Alejandro v. State, 493 S.W.2d 230, 230 (Tex. Crim. App.
1973). An examination of the unobjected-to arguments now complained of by appellant reveals
that the first argument was clearly a reasonable deduction from the evidence properly before the
jury, and the other three arguments were pleas for law enforcement. The arguments were not
extreme, manifestly improper, or violative of the mandatory statute, and did not inject new facts
harmful to appellant into the case, so as relieve appellant of the necessity of an objection or a
request for an instruction to disregard. We find no basis for appellant's claim that the trial court,
on its own motion, should have declared a mistrial. Point of error two is overruled.

 In his third and last point of error, appellant contends simply that the trial court
"erred in overruling appellant's motion for new trial." The total argument advanced is: 
"Appellant argues that the court could have corrected the fundamental errors that occurred at the
punishment phase of the trial by granting a new trial." No reference to record page number is
made, no authorities are cited, and no further argument than the quotes above is made. There has
been no compliance with the briefing rules. See Tex. R. App. P. 74(d), (f). The right to
appellate review extends only to complaints made in accordance with the rules of appellate
procedure and review. Burks, 876 S.W.2d at 901. Nothing is presented for review. See Kelley,
817 S.W.2d at 175. The third point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion*

Affirmed

Filed: August 30, 1995

Do Not Publish






* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).
1. [1]  The procedure used by the trial court was proper. See Jones v. State, 641 S.W.2d 545, 552
(Tex. Crim. App. 1982); Crawford v. State, 480 S.W.2d 724, 726 (Tex. Crim. App. 1972);
Lopez v. State, 860 S.W.2d 938, 944 (Tex. App.--San Antonio 1993, no pet.).
2. [2]  Rule 404(c) provides in part:


(c) Character relevant to punishment. In the penalty phase, evidence may be
offered by an accused or by the prosecution as to the prior criminal record of the
accused. Other evidence of his character may be offered by an accused or by the
prosecution.
3. [3]  See Tex. Code Crim. Proc. Ann. art 37.07(a) (West Supp. 1995). Former article 37.07(a)
was applicable to appellant's trial. See Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.04,
1989 Tex. Gen. Laws 3471, 3492.
4. [4]  Rule 405(a) (Methods of Providing Character) provides:


 (a) Reputation or Opinion. In all cases in which evidence of character or
trait of character of a person is admissible, proof may be made by testimony as to
reputation or by testimony in the form of an opinion. Provided however that to be
qualified to testify concerning the character or trait of character of an accused, a
witness must have been familiar with the reputation, or with the underlying facts or
information upon which the opinion is based, prior to the day of the offense. In all
cases where testimony is admitted under this rule, on cross-examination inquiry is
allowable into relevant specific instances of conduct.