NO.
12-06-00287-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

ESEQUEIL LOREDO,         §          APPEAL FROM THE THIRD

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          ANDERSON COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Esequeil
Loredo appeals from his conviction for aggravated assault.  In five issues, he argues that the trial
court failed to give a required jury instruction, that evidence about gang
membership was improperly admitted, and that the evidence is legally and
factually insufficient to support the conviction.  We affirm. 

Background

            On March 1, 2001, a group of inmates
in the Michael Unit of the Texas Department of Criminal Justice killed inmate
Rogelio Garza.  The evidence is not
without contradiction, but it appears that the inmates assaulted Garza to
discipline him for incurring debts he could not pay, debts he had incurred by
using contraband tobacco and heroin he could not afford.  Garza had an enlarged spleen.  The assault caused his spleen to burst, and
he died as a result of internal bleeding that followed.  There was some testimony that Appellant
participated in the assault, but the State’s theory of his liability was that
he was a party to the offense, that he instigated it, and that he served as a
lookout.  








            Appellant was indicted for the
capital murder of Rogelio Garza on September 5, 2002.  On January 19, 2006, Appellant was indicted
for the aggravated assault of Rogelio Garza. 
The second indictment was returned outside the statute of limitations
for aggravated assault, but it was alleged in the second indictment that the
first indictment had been pending from September 5, 2002 until January 18,
2006.  The second indictment also alleged
that Appellant was an habitual offender. 
Appellant filed a pretrial motion to set aside the second indictment,
and the trial court denied that motion.

            Appellant pleaded not guilty to the
second indictment, and a jury trial was held. 
The jury convicted him of aggravated assault.  After a separate punishment hearing, the jury
found the enhancement allegations to be true and assessed punishment at thirty–nine
years of imprisonment.  This appeal
followed.

Statute of Limitations

            In his first issue, Appellant argues
that the question of whether the State had proved that the indictment was
brought within the statute of limitations should have been submitted to the
jury.  In his fourth and fifth issues,
Appellant argues that the State failed to prove that this prosecution was not
barred by the statute of limitations.  We
will address these issues together.  

Tolling of
the Statute of Limitations

            Prosecutions for aggravated assault
must be initiated within three years of the assault.  Tex.
Code Crim. Proc. Ann. art. 12.01(6) (Vernon 2006).  That period of limitations may be tolled for
the period of time that an earlier indictment is or was pending.  See Tex.
Code Crim. Proc. Ann. art. 12.05(b) (Vernon 2006).  A prior indictment tolls the statute of
limitations under Article 12.05(b) when the subsequent indictment alleges the
same conduct, same act, or same transaction. 
Hernandez v. State, 127 S.W.3d. 768, 774 (Tex. Crim. App.
2004).

            At trial, a defendant may assert a
limitations defense by requesting a jury instruction on the issue if there is
some evidence before the jury, from any source, that the prosecution is
limitations barred.  See Proctor
v. State, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998).  If there is some such evidence and the
defendant requests a jury instruction on the limitations defense, then the
State must prove beyond a reasonable doubt that the prosecution is not
limitations barred.  Id.  

Analysis

            Appellant requested a jury
instruction on the statute of limitations defense.  On appeal, he argues that the jury
instruction should have been given because the defense was raised and that he
is entitled to an acquittal or a new trial because there is insufficient
evidence that the prosecution was brought within the statute of limitations.  The parties agree that the second indictment
would be limitations barred if not for the tolling provided by the first
indictment.  Appellant argues that the
first indictment did not toll the statute of limitations because the tolling
allegation in the second indictment had the following perceived deficiencies:

 

                1)            The tolling allegation in the second indictment alleged a
different offense.

 

2)            The second indictment “did not allege that the indictment
previously pending was for an offense against the same victim.”

 

3)            The second indictment “does not allege that the
indictment previously pending was for the same conduct charged in the
indictment.”

 

4)            The second indictment “does not allege that the grand
jurors found that a prior grand jury had returned an indictment against the
defendant.”

 

5)            The second indictment “does not allege that the grand
jurors had found that a prior indictment had been determined to be invalid, or
otherwise ceased to exist.”

 

6)            The second indictment does not allege the date on which
the grand jurors found the prior indictment to be invalid.  

 

            Appellant provides no citation to
authority for the proposition that these deficiencies mean the statute of
limitations was not tolled by the first indictment.  He repeats these arguments with respect to
the sufficiency of the evidence, again without citation to authority.  The assertion that the prosecution is time
barred and that the tolling allegation is insufficient because the offenses are
different is incorrect.  In Hernandez,
127 S.W.3d at 774, the Texas Court of Criminal Appeals held that “a prior
indictment tolls the statute of limitations under Article 12.05(b) for a
subsequent indictment when both indictments allege the same conduct, same act,
or same transaction.”  The first
indictment alleged that Appellant knowingly or intentionally caused Rogelio
Garza’s death on March 31, 2001. 
The second indictment, as amended, alleged that Appellant intentionally,
knowingly, or recklessly caused serious bodily injury to Rogelio Garza by
striking Garza with his foot or hand and that the conduct was the same as that
alleged in the first indictment. 

            As a matter of pleadings, the second
indictment alleges that it is the same conduct that is covered by each
indictment.  As a matter of proof, the
evidence adduced at trial showed a single incident that included the killing of
Rogelio Garza on March 31, 2001 as well as the aggravated assault of Rogelio
Garza on March 31, 2001.  There were not
two incidents, or two transactions, or two Rogelio Garzas. 

            Appellant’s arguments that the State
did not allege and did not prove that it was the same victim in each indictment
or that it was the same conduct in each indictment are similarly without
merit.  The only evidence was that it was
the same victim in each indictment and the same conduct.  With respect to pleadings, the court of
criminal appeals has not required that tolling allegations be pleaded with the
same degree of particularity as would be expected of an allegation of the
charged offense.  Ex parte Smith,
178 S.W.3d 797, 803 (Tex. Crim. App. 2005). 
The second indictment did allege, in conclusory fashion, that it was the
same conduct that was the basis of the first indictment. Even if this pleading
was insufficient, complaints about pleadings are waived if they are not
challenged prior to trial.  Id.  Appellant did preserve these complaints by
filing a pretrial motion to set aside the indictment, but does not presently
challenge the trial court’s ruling denying that motion. 

            Appellant’s argument that the second
indictment did not allege the grand jurors found that a prior grand jury had
returned an indictment against him is belied by the second indictment, which
states that an indictment charging the same conduct was pending, and provides
the cause number.  Appellant’s argument
that the grand jurors did not find the previous indictment to be invalid or the
date on which it became invalid is apparently a reference to Texas Code of
Criminal Procedure, Article 12.05(c), which provides that the definition of “during
the pendency” of the previous indictment is measured from the date it is filed
until the date it is determined to be invalid. 
It is possible to read the “during the pendency” language to mean that
there is no pendency until the previous indictment has been found to be
invalid.  In other words, an indictment
tolls the statute of limitations only after it has been found to be
invalid.  Appellant offers no support for
this construction of the statute, nor have we found any.  

            The court of criminal appeals has
held that it is absurd to construe Article 12.05 to allow only invalid
indictments to toll the limitations period. 
See Vasquez v. State, 557 S.W.2d 779, 784 (Tex. Crim. App.
1977), overruled on other grounds, Proctor v. State, 967
S.W.2d 840, 844 (Tex. Crim. App. 1998). 
Furthermore, a dismissal of an indictment is sufficiently akin to a
finding of invalidity that it ends the tolling period under the statute.  See McAlister v. State,
119 S.W.3d 460, 462 (Tex. App.– Fort Worth 2003, no pet.).  Absent more explicit direction, we cannot
conclude that the tolling period does not exist in this case simply because the
State had not dismissed the first indictment before the second indictment was
returned.  By statute, the statute of
limitations was tolled from the time the first indictment was filed until it
was determined to be invalid.  At the
time of trial, the first indictment was still pending.  Therefore, the endpoint of the tolling period
had not been reached, and the first indictment tolled the statute of
limitations starting from the time it was returned and ending, if it did, at
some point after the second indictment was returned.

            Having concluded that there was not
a pleading or a proof issue with respect to the tolling provision, the question
remaining is whether the issue should nevertheless have been submitted to the
jury.  The trial court’s duty to instruct
the jury on a statute of limitations defense is triggered only upon request and
where there is an evidentiary dispute as to whether the offense was committed
within the limitations period.  See
Proctor, 967 S.W.2d at 844. 
In Howlett v. State, 994 S.W.2d 663, 668 (Tex. Crim. App.
1999), the court of criminal appeals concluded that the trial court was not
required to give an instruction on limitations because there was no factual
dispute as to whether the offense was committed within the limitations
period.  In an earlier case, the court of
criminal appeals held that a jury instruction on limitations is not required
when the tolling of the indictment is beyond factual dispute.  See Ex parte Morin, 172 Tex.
Crim. 322, 323, 356 S.W.2d 689, 689 (Tex. Crim. App. 1962). 

            It is the requirement that the
limitations defense have evidence to support it that Appellant did not
meet.  See Proctor,
967 S.W.2d at 844 (there must be some evidence before the jury that the
prosecution is limitations barred).  The
relevant facts about the indictments were undisputed.  Appellant makes a number of legal arguments
about the insufficiency of the tolling allegations.  The pleading related complaints are not
important because Appellant does not argue that the trial court erred when it
overruled those complaints.  With respect
to the evidence supporting the defense, there is no reasonable dispute that it
was the same transaction or occurrence that each indictment described.  As such the statute of limitations was
tolled, and it was not error for the trial court not to instruct the jury on a
limitations defense.  

            Appellant’s arguments about the
sufficiency of the evidence also fail. 
The State is required to prove the prosecution is not limitations barred
only if the “defendant requests a jury instruction on the limitations defense”
and “there is some evidence before the jury, from any source, that the
prosecution is limitations-barred.”  Proctor,
967 S.W.2d at 844.  There being no
evidence before the jury that the prosecution was limitations barred, the State’s
obligation to prove that the prosecution was not limitations barred was not
triggered.  We overrule Appellant’s
first, fourth, and fifth issues.

 

Gang Evidence–Guilt/Innocence

            In his second issue, Appellant
argues that the trial court erred when it allowed “gang identification”
evidence to be admitted during the guilt/innocence phase of the trial.  This complaint is not preserved for our
review.

            Prior to trial, Appellant filed a
motion in limine to restrict testimony about his gang affiliation.  During trial, and before the State called one
of the inmate witnesses, the prosecutor alerted the court and Appellant that
she wished to introduce “gang information” to show motive, plan, and “same
transaction evidence.”  Appellant’s
counsel argued that the evidence should not be admitted, and a lengthy
discussion ensued between the court and the lawyers.  The court alerted the parties that it was
going to allow the evidence, but also said that it had not heard any evidence
yet and that their discussion had been about whether a motion in limine should
be granted.  The court told Appellant’s
counsel that its limine ruling was preliminary and the court would consider and
rule on objections, if made, when the evidence was offered.  

            The State then called the inmate,
who testified that Appellant approached him and asked him to help discipline
Garza.  The inmate testified that it was
understood that the discipline order came from third parties.  When asked who the third parties were, he
said, “Mexican Mafia.”  The State
responded, “No, I mean the people, names,” and the witness agreed to a list of
inmates who comprised the third parties.

            Appellant did not object to this
testimony, and no other testimony or evidence about gangs was introduced during
the guilt/innocence phase of the trial. 
To preserve a complaint for appeal, a defendant must object, state the
grounds for the objection with sufficient specificity, and obtain an adverse
ruling. 
Tex. R. App. P. 33.1 (a)(1(A); Wilson v. State, 71
S.W.3d 346, 349 (Tex. Crim. App. 2002). 
The denial of a motion in limine does not preserve a complaint.  Roberts v. State, 220 S.W.3d
521, 533 (Tex. Crim. App. 2007); Martinez v. State, 98 S.W.3d
189, 193 (Tex. Crim. App. 2003). 
Appellant did not object to the trial court’s characterization of the
discussion as being about a motion in limine and never gave the trial court an
opportunity to consider whether the inmate’s nonresponsive answer should have
been stricken.  Because there was no
objection at the time the evidence was admitted, no complaint is preserved for
our consideration.  See Hatchett v.
State, 930 S.W.2d 844, 849 (Tex. App.–Houston [14th Dist.] 1996, pet.
ref’d).  We overrule Appellant’s second
issue.  

Gang Evidence–Punishment

            In his third issue, Appellant argues
that the trial court erred when it allowed an expert witness to testify to
anything more than the fact that he was a gang member.  Appellant cites twelve objections raised in
the trial court and then argues that evidence of his gang membership should not
have been allowed at all.  We will
address the broader argument.

Testimony

            Robert Grant is the Regional
Security Threat Coordinator for the Texas Department of Criminal Justice.  Since 1993 he has worked in the prison system
on gang related issues, first as an intelligence officer investigating gang
membership and activities and then supervising those who do that investigative
work.  Part of his duties include
reviewing the work of investigators who identify gang members.  He testified that the review is highly
structured and that other agencies rely upon their determinations.  Grant testified that his office had
determined that Appellant was a member of the Mexican Mafia, a prison
gang.  This determination was made after
consideration of intercepted mail between inmates, tattoos on Appellant’s body,
intercepted letters that Appellant had written, and a list of gang members
recovered from an admitted gang member.  

            Grant also testified that the
Mexican Mafia was a violent prison gang with a hierarchical structure and a
written constitution.  The written
constitution, according to Grant, states that the Mexican Mafia is a criminal
organization, and that it would be involved in drug sales, extortion, murder
for hire, assaults, and other activities that advanced the organization.  He testified that the Mexican Mafia had been
involved in a number of violent activities in the prison and that the leaders
of the organization were able to control the organization even from solitary
confinement.  He testified that the gang
would discipline its own members if they misbehaved, and that discipline
decisions were made by someone other than the entry level gang members.

Analysis

            In his first and fourth
subarguments, Appellant argues that it violates his rights to free association
to allow testimony about his gang membership. 
Citing Dawson v. Delaware, 503 U.S. 159, 112 S. Ct. 1093,
117 L. Ed. 2d 309 (1992), Appellant argues that admission of irrelevant
evidence of gang membership is constitutional error.  Dawson is distinguishable from
this case because the holding in Dawson turned on the narrow
stipulation of facts about the gang of which Dawson was a member.  In lieu of the State calling an expert
witness, the parties stipulated that the Aryan Brotherhood was a “white racist
prison gang that began in the 1960’s in California in response to other gangs
of racial minorities.  Separate gangs
calling themselves the Aryan Brotherhood now exist in many state prisons
including Delaware.”  Id.,
503 U.S. at 162, 112 S. Ct. at 1096.  The
evidence tended to show that Dawson was a member of the Aryan Brotherhood
prison gang in Delaware.  But because the
stipulation did not contain any further information about the Delaware gang, or
link the beliefs of the California gang to the Delaware gang, or provide any
information about the beliefs of the gang beyond the fact that the California
gang held racist beliefs, the Court concluded that the evidence was irrelevant
to that proceeding.  Id.,
503 U.S. at 166, 112 S. Ct. at 1098.  The
Court recognized that in cases where membership in a gang is linked by proof to
the crime itself, evidence of membership or beliefs may be relevant.  Id. (citing Barclay v.
Florida, 463 U.S. 939, 949, 103 S. Ct. 3418, 77 L. Ed. 2d 1134
(1983)).  The Court believed that racist
beliefs did not play a part in the murder in Dawson because the
victim was white, but the Court allowed that evidence could be relevant if the
State had presented evidence beyond the defendant’s own abstract beliefs.  Id., 503 U.S. at 167, 112 S.Ct.
at 1098.

            Therefore, to prove the relevance of
a defendant’s membership in an organization or group, the State must show (1)
proof of the group’s violent and illegal activities, and (2) the defendant’s
membership in the organization.  See
Mason v. State, 905 S.W.2d 570, 577 (Tex. Crim. App. 1995).  In this case, the State showed that the
offense was linked to gang membership and provided a great deal of context
about the activities of the gang including its goals as stated in a written
constitution, which included violent acts. 
Texas courts have consistently held that evidence of gang membership is
admissible when it is relevant in the punishment phase of trial.  Jones v. State, 944 S.W.2d 642,
653 (Tex. Crim. App. 1996); Beasley v. State, 902 S.W.2d 452, 456
(Tex. Crim. App. 1995).  The evidence
admitted here was relevant because it linked the offense to Appellant’s gang
membership, and so Appellant’s right to associate was not violated.  

            In his second and third
subarguments, Appellant argues that a witness may not testify about a defendant’s
character unless the witness was familiar with that person’s character prior to
the offense.  See Hernandez v.
State, 800 S.W.2d 523, 525 (Tex. Crim. App. 1990).  In his twelfth subargument, again citing Hernandez,
Appellant argues that Grant could not testify that he was a gang member because
the prison authorities had not confirmed that he was a member of a gang at the
time of the assault.  But the holding in Hernandez
is based on the specific language of a precursor to Texas Rule of
Evidence 405.  In relevant part, the
current version of Rule 405 provides that “[i]n a criminal case, to be
qualified to testify at the guilt stage of trial concerning the
character or character trait of an accused, a witness must have been familiar
with the reputation, or with the underlying facts or information upon which the
opinion is based, prior to the day of the offense.”  Tex. R. Evid. 405
(emphasis added).  Assuming that this was
character or reputation evidence, this portion of Rule 405 applies only to the
guilt stage of trial.  The gang evidence
was introduced at the punishment phase, and so this part of Rule 405 and Hernandez
do not apply.

            In his fifth, eighth, ninth, tenth,
and eleventh subarguments, Appellant argues that his right to confront and
cross examine witnesses as guaranteed by the Texas and U.S. constitutions and
the evidentiary rules regarding hearsay were violated when Grant was permitted
to testify about Appellant’s gang status based on correspondence between
inmates that was intercepted by prison officials.  The letters themselves were not admitted.

            In the appropriate circumstances, an
expert may rely upon hearsay in formulating an opinion.  Tex.
R. Evid. 703.  Appellant did not
contest that the witness was an expert. 
In fact, when discussing her objections to his testimony, Appellant’s
counsel did not object on the grounds that the witness was not an expert and
said, “I’m sure he is an expert.”  

            Some of the letters were from
Appellant himself.  No confrontation
issues or hearsay issues are raised by the expert relying on Appellant’s own
words.  See Crawford v.
Washington, 541 U.S. 36, 51, 124 S. Ct. 1354, 1364, 158 L. Ed. 2d 177
(2004) (The Confrontation Clause “applies to ‘witnesses’ against the
accused--in other words, those who ‘bear testimony.’”); Tex. R. Evid. 801(e)(2)(A) (statements by party/opponent are
not hearsay).  Grant also relied on
letters from other individuals, mostly relating to gang activity.  Appellant cites Crawford and Russeau
v. State, 171 S.W.3d 871 (Tex. Crim. App. 2005)[1] as support for
his argument that relying on these letters violates his Sixth Amendment right
to confrontation.  In Crawford,
the Supreme Court held that it violated the Sixth Amendment to allow
testimonial hearsay to be admitted without giving the defendant the opportunity
to question the declarant.  Crawford,
541 U.S. at 59, 124 S. Ct. at 1369. 
Statements are testimonial hearsay if they are ex parte in court
testimony or its functional equivalents, including affidavits, depositions,
prior testimony, or confessions or statements that are made under circumstances
where the speaker would reasonably believe that the statement would be used at
a later trial.  Id., 541
U.S. at 51–52, 124 S. Ct. at 1364.  In Russeau
the court of criminal appeals held that admitting ex parte affidavits of
government employees was error because those affidavits were testimonial
hearsay.   Russeau, 171
S.W.3d at 881.

            By contrast, the items here, letters
by inmates in the prison system, were not admitted and were not
testimonial.  A letter from one gang
associate to another conducting gang business is not like an affidavit or a
deposition and is not a statement one would expect to be used at trial to prove
a fact.  These letters are more like a
casual remark to an acquaintance, see Crawford, 541 U.S. at 51,
124 S. Ct. at 1364, are not testimonial, and do not implicate the Confrontation
Clause.

            In his sixth and thirteenth
subarguments, Appellant argues that the testimony by Grant was speculative and
therefore inadmissible.  We disagree.  Grant testified that the determination that a
prisoner was a gang member is made after careful consideration and on the basis
of a number of different criteria.  He
testified that his group identified Appellant as a gang member based on his
name being on a list of gang members kept by another gang member, his
correspondence with gang members about the internal activities of the Mexican
Mafia, distinctive gang tattoos, a letter stating that Appellant had been “cleared
as a member,” and a letter from Appellant asking who his gang sponsor was,
apparently written after he had been transferred from one unit to another.  There was a substantial basis for the expert
witness’s conclusion that Appellant was a gang member, and the trial court did
not err when it overruled Appellant’s objection that the testimony was
speculative. 

            In his seventh subargument,
Appellant argues that the witness had no personal knowledge that Appellant was
a gang member and that he was not qualified as an expert witness.  If the appropriate predicate is shown, an
expert may testify about things beyond his personal knowledge.  See Aguilar v. State, 887
S.W.2d 27, 29 (Tex. Crim. App. 1994); Tex.
R. Evid. 703.  Appellant does not
argue that a predicate was not presented to permit Grant to testify about the
conclusions he drew from the evidence his investigators collected about
Appellant’s gang affiliation.  As shown
above, Appellant did not object to the witness’s qualification as an expert
witness.  Instead, Appellant’s counsel
stated that she was sure he was an expert. 
The present complaint that he was not an expert is waived for failure to
make a contemporaneous objection.  See
Tex. R. App. P. 33.1
(a)(1(A).

            Finally, Appellant argues briefly
that discovery related to the expert witness was not provided in an timely
fashion.  The prosecutor stated that she
turned the relevant documents over to Appellant’s counsel when she received
them.  There was a broad ranging
discovery order entered prior to trial, but we cannot determine if these items
were required to be disclosed or provided. 
In his one sentence argument on this point, Appellant does not identify
where these items are addressed in the discovery order.  Even if there was a discovery violation, a
continuance, not exclusion of the evidence, is the ordinary remedy when a
discovery violation is not willful.  See
State v. LaRue, 152 S.W.3d 95, 100 (Tex. Crim. App. 2004); Tamez
v. State, 205 S.W.3d 32, 40 (Tex. App.–Tyler 2006, no pet.).  Appellant did not seek a continuance and did
not and does not argue that the violation, if any, was willful.  We conclude that the trial court’s decision
to allow the testimony despite Appellant’s complaints about late discovery was
not an abuse of discretion.  See Martinez
v. State, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993).

            In sum, the trial court did not err
when it allowed the State’s expert witness to testify that Appellant was a
member of a gang.  The testimony was
based in part on hearsay and the synthesis of investigatory materials, but
Appellant has not shown that the expert’s conclusions were not based on the
kinds of materials experts may consider in reaching their opinions.  Appellant’s right to confrontation was not
violated because no testimonial hearsay was presented or relied upon.  Finally, the rules of evidence do not require
that an expert testifying during the punishment phase of a trial be aware of
the person’s gang membership at the time of the underlying offense.  We overrule Appellant’s third issue.

Disposition

            Having overruled Appellant’s five
issues, we affirm the judgment of the trial court.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered August 22,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Appellant provides no
argument with respect to the protection provided by the Texas Constitution in
this regard.  Therefore, as the court did
in Russeau, we overrule his contentions based on the Texas
Constitution as inadequately briefed.  See
Russeau, 171 S.W.3d at 881 (citing Tex.
R. App. P. 38.1(h)).