

**NUMBER 13-07-397-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MELINDA GARZA,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

---

## On appeal from the 103rd District Court
## of Cameron County, Texas

---

# MEMORANDUM OPINION

## Before Justices Rodriguez, Garza, and Vela
## Memorandum Opinion by Justice Vela

Appellant, Melinda Garza, appeals from the trial court's order revoking her community supervision and sentencing her to five years' confinement in the Texas Department of Criminal Justice Institutional Division (TDCJ-ID). By a single issue, Garza asserts that the trial court erred when it revoked her community supervision because the

State had filed a defective motion to revoke. We affirm.

## I. Background

On November 23, 2005, Garza pleaded guilty to the offense of possession of a controlled substance with intent to deliver, pursuant to a plea-bargain agreement. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (Vernon 2007). The trial court sentenced her to eight years' incarceration in the TDCJ-ID, but suspended the sentence and placed her on community supervision for a period of eight years.

On August 29, 2006, the State filed a motion to revoke probated sentence, alleging that Garza violated several terms of her community supervision between January 3, 2006 and August 25, 2006. Following a hearing on the motion, the trial court entered an order modifying Garza's community supervision. This order required her to serve a term of confinement and treatment in a substance abuse felony punishment facility (SAFPF), but allowed her to remain on community supervision until she could be placed in a SAFPF facility.

On January 31, 2007, the State filed a second motion entitled State's first amended motion to revoke community supervision probated sentence. This motion alleged new violations of the terms of Garza's community supervision that occurred between December 14, 2006 and January 12, 2007.

Garza did not file a motion to quash the State's second motion based on the grounds relied upon in this appeal. On March 22, 2007, the trial court held a hearing on the State's second motion. No objection to the State's second motion was made, and Garza pleaded true to the violations. After receiving the evidence, the trial court revoked Garza's community supervision and ordered her to serve a sentence of five years' confinement in the TDCJ-ID. This appeal followed.

## II. Discussion

By her sole issue, Garza asserts that the trial court erred when it revoked her community supervision because the State had filed a defective motion to revoke. In general, a prerequisite to presenting a complaint for appellate review is a showing that the complaint was made to the trial court by a timely request, objection or motion, and that the trial court either ruled on or refused to rule on the request, objection or motion. TEX. R. APP. P. 33.1(a). Errors in a motion to revoke community supervision must be pointed out to the trial court in a timely motion to quash. *Longoria v. State*, 624 S.W.2d 582, 584 (Tex. Crim. App. 1981); *Rodriguez v. State*, 951 S.W.2d 199, 204 (Tex. App.–Corpus Christi 1997, no pet.). Error, if any, is waived absent such a motion. *Gordon v. State*, 575 S.W.2d 529, 531 (Tex. Crim. App. [Panel Op.] 1978). And, even if the motion is in fact defective, the question of the sufficiency of a motion to revoke community supervision cannot be raised for the first time on appeal. *Rodriguez*, 951 S.W.2d at 199. This appeal is Garza's first attempt to raise the sufficiency of the State's second motion to revoke. However, she failed to file a motion to quash the State's second motion to revoke. Additionally, she failed to voice any objections to the State's motion to revoke during the hearing. Consequently, Garza has failed to preserve the alleged error for appellate review. *See* TEX. R. APP. P. 33.1(a).

Even if Garza had preserved error, the trial court properly entered its order of modification. Garza would like us to believe that because the State's second motion was titled a "First Amended Motion to Revoke" and because the trial court had already entered judgment on the first motion, the trial court improperly entered judgment on the State's second motion to revoke. However, the substance of a pleading determines its nature, not merely the form or title given to it. *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex.

3

1980); *Speer v. Stover*, 685 S.W.2d 22, 23 (Tex. 1985); *Hernandez v. State*, 767 S.W.2d 902, 904 (Tex. App.–Corpus Christi 1989), *aff'd*, 800 S.W.2d 523 (Tex. Crim. App. 1990) (per curiam). The State's second motion in no way attempted to change, correct or revise the prior motion to revoke that had been filed on August 29, 2006. Instead, all of the alleged violations listed in the January 31, 2007 motion took place after the trial court had entered its order of modification for violations raised in the State's first motion. Thus, the State's second motion to revoke was properly before the court, and Garza's position is without merit. We overrule the sole issue for review.

The trial court's judgment is affirmed.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 29th day of July, 2008.

4