

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00224-CR

VIOLA CAVAZOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No 2
Lubbock County, Texas
Trial Court No. 2011-466,276, Honorable Drue Farmer, Presiding

May 8, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Viola Cavazos appeals from her jury conviction of Class A Misdemeanor Assault and the resulting sentence of fourteen days in jail, probated for twelve months. We will affirm the judgment of the trial court.

## Background

Appellant does not challenge the sufficiency of the evidence supporting her conviction so we will relate only those facts pertinent to disposition of her appellate issues.

Appellant oversees several rental properties. One of her tenants was Cathy Ramirez. In early June 2011, Ramirez called the police, telling them their neighbor[1] was yelling obscenities at her and her husband while brandishing a machete. Police arrived, took statements from both parties, and left.

According to later testimony, shortly after the yelling incident, appellant and her husband, Jose Cavazos, sped down the street, stopped in front of the Ramirez's home, and "almost ran over" Cathy Ramirez's husband Osvaldo Ramirez and a neighbor. Both the Cavazoses jumped out of their truck and altercations ensued involving both Ramirezes and both Cavozoses. Cathy Ramirez testified appellant ran at her, yelled obscenities at her, pulled her hair, slapped her in the face, and attempted to pry her cell phone from her hands as she tried to call police.

Cathy Ramirez did make contact with the Lubbock County Sheriff's Office. Sergeants Timothy White and Roger Hilburn responded to the call. Sergeant White encountered appellant and her husband as they drove from the location, noted their vehicle matched the description Cathy Ramirez gave the dispatcher, and detained them

---

[1] Appellant is the mother-in-law of the Ramirez's neighbor. The Ramirezes were purchasing their home, and financing it, through appellant and her husband.

after a traffic stop. Sergeant Hilburn went to the Ramirez's home and took a statement from Cathy Ramirez.

Jeanette Lopez, another of the Cavazoses' tenants, lives directly across the street from the Ramirezes. Lopez testified that appellant approached her the next day, and asked Lopez to testify falsely in court that Cathy Ramirez hit appellant first. In exchange for her false testimony, appellant offered "the papers to [Lopez's] house." It also appears appellant contacted Lopez two or three days after the initial conversation.

The jury found appellant guilty as charged in the information. Sentence was later imposed as noted. This appeal followed.

Analysis

Appellant raises three issues concerning evidence admitted at trial. We disagree with each.

Testimony from White

In the first issue, appellant argues the trial court abused its discretion by allowing the State to elicit what she calls "hybrid" testimony from Sergeant White regarding appellant's reputation as a landlord, her character, and specific bad acts. The State responds that appellant's contention was not preserved for our review, and we must agree.

Under Rule 33.1, as a prerequisite to its presentation on appeal, the record must show that the complaining party made a specific and timely complaint to the trial judge and that the trial judge ruled on the complaint. TEX. R. APP. P. 33.1(a)(1)(A). Generally,

3

error that is not preserved may not be raised for the first time on appeal. *Id.*; *Moore v. State,* 371 S.W.3d 221, 225 (Tex. Crim. App. 2012), citing *Mendez v. State*, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004). Further, in order to preserve an issue for appellate review, the complaint on appeal must comport with the complaint made at trial. *Lovill v. State,* 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009).

Appellant's trial court objection to the complained-of testimony from Sergeant White was to its relevance, stating "Her reputation as a landlord is not relevant." On appeal, appellant's argument the trial court erred by admitting "hybrid" evidence, including reputation, character and bad act evidence, cites rule of evidence 404(b). TEX. R. EVID. 404(b). She also cites us to the requirement of rule of evidence 405 that a witness testifying to an accused's character or character traits must have familiarity with the reputation or underlying facts on which the opinion is based. TEX. R. EVID. 405.[2] Neither her contention based on Rule 404(b) nor her argument Sergeant White lacked familiarity with the underlying basis for his reputation testimony was brought to the trial court's attention by her relevance objection. *See, e.g., Jackson v. State,* No. 05-10-00763-CR, 2012 Tex. App. LEXIS 1461 (Tex. App.—Dallas Feb. 23, 2012, no pet.) (mem. op., not designated for publication) (finding objection under Rule 404(b) not preserved by relevance objection); *see also Bargas v. State,* 252 S.W.3d 876, 898 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Gamble v. State,* No. 02-07-174-CR, 2009 Tex. App. LEXIS 2134, at *20 (Tex. App.—Fort Worth March 27, 2009, pet. ref'd) (mem. op., not designated for publication) (discussing preservation of Rule 405 complaint).

---

[2] Appellant cites the discussion of Rule 405 in *Hernandez v. State*, 800 S.W.2d 523, 525 (Tex. Crim. App. 1990) (per curiam).

We resolve appellant's first issue against her.

Testimony from Lopez

In appellant's second issue, appellant contends the trial court abused its discretion by allowing Jeanette Lopez to testify to appellant's attempt to bribe her. Appellant contends the admission of such testimony violated Rules of Evidence 404(b) and 403, as well as the Sixth Amendment and the Texas constitutional right to reasonable assistance of counsel.

We first note we agree with the State appellant has not given us a basis on which to review her complaints regarding constitutional violations. Appellant did not raise the constitutional issues with the trial court and does not present on appeal argument supporting her contention her constitutional rights were violated. TEX. R. APP. P. 33.1(a)(1)(A); TEX. R. APP. P. 38.1(h); *Cardenas v. State,* 30 S.W.3d 384, 393 (Tex. Crim. App. 2000); *Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App.1996) (plurality opinion).

Appellant presents her Rule 404(b) complaint in terms of lack of proper notice by the State. The purpose of the Rule 404(b) notice requirement is to prevent surprise and to provide reasonable notice for the defendant to prepare to defend against the extraneous offenses offered by the State. *Hernandez v. State,* 176 S.W.3d 821, 823 (Tex. Crim. App. 2005); *Hayden v. State,* 66 S.W.3d 269, 271 (Tex. Crim. App. 2001). The rule requires "reasonable" notice. *Hayden,* 66 S.W.3d at 272. The notice requirement is a rule of evidence admissibility. *Hernandez,* 176 S.W.3d at 823. The trial court's determination on whether notice is reasonable is reviewed under an abuse of

discretion standard. *Hayden,* 66 S.W.3d at 271. Therefore, we will not reverse the trial court's decision unless it was outside the "zone of reasonable disagreement." *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

Rule 404(b) provides that other-crimes evidence may be admissible "provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction." TEX. R. EVID. 404(b). The State argues no error can be predicated on the inadequacy of its Rule 404(b) notice because appellant did not request notice. We agree with the State's contention. We find no request for notice under Rule 404(b) in the appellate record. *See Espinosa v. State,* 853 S.W.2d 36, 39 (Tex. Crim. App. 1993) (applying request requirement); TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (West 2013).

Moreover, we find the State's Rule 404(b) notice gave appellant reasonable notice of Lopez's expected testimony. *See Hayden,* 66 S.W.3d at 272 (applying reasonable notice requirement). The State's notice stated in relevant part, "All facts, conduct, and/or statements relating to a conversation on or about June 7, 2011, in Lubbock County, Texas, in which Viola Cavazos offered Jenny Lopez money in exchange for her testimony at trial where she was asked by the defendant Viola Cavazos to testify that Cathy Ramirez struck her first."

On appeal, appellant argues Lopez's trial testimony was to the effect that appellant offered her "my papers to my house" if Lopez would testify on her behalf, rather than money as was stated in the 404(b) notice. Appellant further argues Lopez's

testimony showed appellant made the offer over two conversations on successive days rather than in a single conversation. We cannot agree these distinctions between the notice and the testimony rendered the notice unreasonable. It was sufficient to avoid surprise to appellant and to enable her to prepare a defense against the allegations. *Id.*

Appellant also challenges the relevance and probative value of the evidence that she attempted to bribe Lopez. *See* TEX. R. EVID. 401; 403.[3] The Court of Criminal Appeals has held that an attempt to tamper with or bribe a witness constitutes evidence of "consciousness of guilt" on the part of the defendant. *Gonzalez v. State,* 117 S.W.3d 831, 842 (Tex. Crim. App. 2003); *Wilson v. State*, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999); *Ransom v. State,* 920 S.W.2d 288, 299 (Tex. Crim. App. 1996) (op. on reh'g) ("We have held that criminal acts that are designed to reduce the likelihood of prosecution, conviction, or incarceration for the offense on trial are admissible under Rule 404(b) as showing 'consciousness of guilt'"). Accordingly, the evidence was relevant under Rule 401.

Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial. *Montgomery v. State,* 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g). If the trial court determines that evidence of "other crimes, wrongs, or acts" has relevance apart from character conformity, it should admit the evidence absent a further objection by the opponent of the evidence. *Id; see Casey v. State,* 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

---

[3] Evidence is "relevant" that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by, *inter alia*, the danger of unfair prejudice. TEX. R. EVID. 403.

Unfair prejudice does not arise from the mere fact that evidence injures a party's case as virtually all evidence that an opposing party offers will be prejudicial to the opponent's case. *Cohn v. State,* 849 S.W.2d 817, 820 (Tex. Crim. App. 1993). Only evidence that carries with it an unfair prejudice that substantially exceeds the evidence's probative value may be excluded under Rule 403. *Id.*

Following appellant's counsel's objection, the trial court conducted the Rule 403 balancing test and admitted the evidence. *Gigliobianco v. State,* 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). We see no abuse of discretion in the trial court's determination that the probative value of evidence of appellant's attempt to bribe Lopez was not substantially outweighed by the dangers listed in Rule 403.[4]

We resolve appellant's second issue against her.

Violation of Right to a Fair Trial

In appellant's final issue, she contends the trial court violated her Fourteenth Amendment right to a fair trial by particular actions in the courtroom that indicated bias by the trial judge. She complains the trial court showed "favoritism to the State," engaged in "propping up the prosecutors" by instructing them regarding the proper

---

[4] We note appellant's argument with regard to denial of her right to the reasonable assistance of counsel. While this appears to be part of her constitutional claim that she failed to preserve, we note the record is silent as to appellant's trial counsel's strategy concerning Lopez's testimony and cannot say appellant met her burden of showing her counsel's assistance was ineffective with respect to this issue. *See Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (setting forth standard to prove claim for ineffective assistance of counsel).

questioning of witnesses.[5]   She also complains of the court's action in admonishing appellant to stop "making faces" and "smirking" at Jeanette Lopez during her testimony before the jury.

Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *Brumit v. State,* 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).   Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Id.; Youkers v. State,* 400 S.W.3d 200, 208 (Tex. App.—Dallas 2013, pet. ref'd).   A trial court has broad power to control its proceedings. TEX. GOV'T CODE ANN. § 21.001(b) (West 2004) ("A court shall require that proceedings be conducted with dignity and in an orderly and expeditious manner and control the proceedings so that justice is done"); *State v. Poe,* 98 S.W.3d 194, 199 (Tex. Crim. App. 2003).

Appellant contends the trial court's behavior during her trial indicated bias in favor of the State.   She notes that after Lopez testified, the trial judge asked appellant, in front of the jury, to "refrain from making faces at the witness."   When appellant's counsel later questioned the court's action outside the presence of the jury, the trial judge responded she had been watching appellant and "[s]he's been laughing and making faces at a bunch of the witnesses.  My ruling stands." The trial court also noted, however, it would admonish the State's witnesses the same way if the same behavior occurred with one of their witnesses.

---

[5] Appellant's argument also contains references to other actions of the trial court, but such actions are not reflected in the record.

9

As noted, a trial court has inherent broad power to control its proceedings. TEX. GOV'T CODE ANN. § 21.001(b) (West 2004). To constitute reversible error, a trial court's comments must be calculated to injure the rights of the accused, or it must appear from the record that the accused has not had a fair and impartial trial. *Williams v. State,* No. 14-04-00371-CR, 2006 Tex. App. LEXIS 4251, at *38 (Tex. App.—Houston [14th Dist.] May 11, 2006, no pet.) (mem. op., not designated for publication).

Having reviewed the entire record, we do not agree the complained-of actions of the trial court demonstrate bias against appellant. *Brumit*, 206 S.W.3d at 645. We overrule appellant's third issue.

## Conclusion

Having overruled each of the issues appellant has raised, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.